CONSERVATIVE SAVINGS & LOAN ASSOCIATION, APPELLEE, V.
SAMUEL MANCUSO ET AL., APPELLANTS.

272 N. W. 223

FILED MARCH 19, 1937. No. 29913.

*Thomas E. Conley,* for appellants.

*William Baird & Sons, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY,
PAINE and CARTER, JJ.

DAY, J.

This is a suit to foreclose a real estate mortgage. The
defendants appeal from a decree of foreclosure entered
March 3, 1936.

There are no assignments of error, but it would appear
from the brief which sets out a portion of the motion for
new trial that the appellants' complaint against the decree
is that it is not sustained by sufficient evidence. The evi-
dence discloses that this was originally a mortgage for
$12,000, covering two pieces of property, executed in 1923,
and that it was reduced to $6,000 in 1933, when one parcel
of real estate was released from the mortgage. The mort-
gage provided for monthly payments of $60 a month. The
petition alleges that there has been no payment since
January 15, 1934, and that the plaintiff had been compelled
to pay taxes prior to the commencement of this action on
November 23, 1935, in the sum of $360.87. The evidence in
the record is conclusive that there were no payments by
defendants either on the mortgage debt or taxes from Janu-
ary 15, 1934, to the date of the trial March 3, 1936. The
decree found that there was due the plaintiff the sum of

$7,058.92. The evidence is abundantly sufficient to support the decree of foreclosure.

It is also claimed by the appellants that an action was brought to recover on the note in January, 1934. At that time the defendants had only paid $30 a month for a period of six months, and the payments were delinquent in the sum of $180, which was delinquency equivalent to three months. The contract provided that, upon a failure to make the monthly payments for three months, the mortgagee could declare the whole amount due and foreclose the mortgage. That case was dismissed by the court without prejudice on June 27, 1935. It is at least suggested in the briefs that this was an adjudication and binding upon the parties, and that this foreclosure was prematurely brought because the dismissal was an adjudication that the loan was not in default in January, 1934. This foreclosure was brought almost two years later and alleges other and different defaults from the one upon which the action at law upon the note was brought. So even if this question is raised by the record (and we think it is not) it is not a bar to this action.

After careful examination of the entire record, it appears that the judgment of the district court is regular and proper.

AFFIRMED.