CONSERVATIVE SAVINGS & LOAN ASSOCIATION OF OMAHA,
APPELLEE V. SAMUEL MANCUSO ET AL., APPELLANTS.
279 N. W. 725

FILED MAY 20, 1938. No. 30311.

*Thomas E. Conley,* for appellants.

*William Baird & Sons,* contra.

Heard before GOSS, C. J., ROSE, DAY, CARTER and MESS-MORE, JJ., and LIGHTNER and SPEAR, District Judges.

ROSE, J.

This is a suit in equity to foreclose a mortgage on lot 10, McCandlish Place, an addition to the city of Omaha. Conservative Savings & Loan Association, mortgagee, is plaintiff. Samuel Mancuso and Mary Mancuso, mortgagors, are defendants. Upon a trial of the cause the district court for Douglas county found there was due plaintiff from defendants on the debt secured by the mortgage, interest and taxes, the sum of $7,058.92 March 3, 1936, and entered a decree of foreclosure for nonpayment thereof. On a former appeal the decree was affirmed. *Conservative Savings & Loan Ass'n v. Mancuso,* 132 Neb. 379, 272 N. W. 223.

Under an order of sale issued May 8, 1937, the sheriff sold the mortgaged premises to plaintiff June 15, 1937, for $5,000. Defendants objected to confirmation of the sale for inadequacy of price. On that issue there was a trial. The objection was overruled and the sale confirmed. From the confirmation defendants appealed to the supreme court. The question now for determination is the adequacy of the price for which the sheriff sold the property to plaintiff.

The rule often repeated is that inadequacy of price will not prevent confirmation of a sheriff's sale of land under a decree foreclosing a mortgage thereon unless the price is so low as to shock the conscience of the court or to evidence fraud.

The lot is situated at the northwest corner of Twenty-second and Mason streets, Omaha, and is 67½ feet wide and 132 feet long. The improvements are three frame houses about 30 years old and a brick garage. Samuel Mancuso, defendant, estimated the value of the property at $10,000. On his behalf there is other testimony to the same effect. Values of witnesses for plaintiff varied from $4,500 to $5,000. There is no evidence of fraud or of irregularity in the sale. A preponderance of the evidence indicates there would not be a better bid in the event of a resale. Under the circumstances disclosed by the record and the rule of law stated, the sale price of $5,000 is not so low as to imply fraud or to be unconscionable.

AFFIRMED.