FEDERAL FARM MORTGAGE CORPORATION, APPELLEE, V.
HENRY M. BOSTROM ET AL., APPELLANTS.
285 N. W. 490

FILED APRIL 21, 1939. No. 30492.

*E. E. Richards,* for appellants.

*Franklin L. Pierce, Philip M. Wellman, R. L. Smith* and *William W. Graham, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

EBERLY, J.

This is an appeal from an order confirming a judicial sale. Defendants challenge the sufficiency of the sale price. The record discloses that, in an action to foreclose a real estate mortgage commenced on April 24, 1936, because of defaults in the payment of interest therein stipulated on March 1, 1935, September 1, 1935, and March 1, 1936, a decree of foreclosure was duly entered in said cause on June 17, 1936. As part of said decree, on stipulation of the parties, a stay of further proceedings was granted until June 14, 1937. It appears that the order of sale upon this decree was issued on February 28, 1938. On April 5, 1938, after due notice, a sale of the mortgaged premises was had, in the manner provided by law, to the Federal Farm Mortgage Corporation, for the sum of $2,037. On April 5, 1938, the owner of the equity of redemption filed objections to the confirmation of such sale. The only charge therein contained that merits careful consideration under the rec-

ord is "that said sale did not bring a just, fair and reasonable amount under the circumstances and conditions of said sale, and that said sale price was so low and inadequate as to shock the conscience of the court and amounted to a fraud upon defendant and upon the court, and that another and subsequent sale would realize a substantially larger sum."

To sustain their contentions, defendants introduced in evidence the affidavit of defendant Henry M. Bostrom and the affidavits of several corroborating witnesses. The valuation of the half section of land involved was stated in these affidavits at varying prices from $65 an acre to $40 an acre. The opinions were also expressed therein that a resale would secure an enhanced sum, but no probable purchaser was named, nor was the amount of the enhanced price indicated.

Two witnesses were produced by the plaintiff, who testified in open court, and were cross-examined by the defendants' attorney. They fixed the value of the half section involved at from $15 to $20 an acre, and the evidence of one of these witnesses, a real estate agent, was that it would now be impossible to find a purchaser for the premises at $20 an acre, and it was very doubtful if one could then be produced at $15 an acre.

The defendants then introduced certain testimony bearing on the value of the land, in explanation of plaintiff's evidence.

Also, it was stipulated by the parties that the taxes for the years 1934, 1935, 1936, and 1937 were not paid by the defendant mortgagors; that there is an unpaid first mortgage on the premises of $4,000, upon which the accrued interest is long in default; that the approximate total indebtedness against the mortgaged property, including the amount due the plaintiff and due on liens senior thereto, was then the sum of $7,243.80.

At the close of the evidence the purchaser, in open court, raised its bid in the sum of $200, and the district court thereupon confirmed the sale, the total price being $2,237.

The trial judge personally heard and observed the wit-

nesses who testified for the plaintiff. While this court tries the case *de novo* and reaches its own conclusion without regard to the judgment entered by the trial court, still the fact remains that the trial judge accepted the testimony introduced by the plaintiff, which he personally heard, and rejected the conflicting evidence, mainly in the form of affidavits, offered by defendants. We are inclined to the view that the evidence as an entirety fairly sustains the action of the trial court, and does not reasonably establish that a substantially higher bid would be forthcoming in the event of a resale. Under the facts as detailed in this record, the case is controlled by the rule announced by this court in *Equitable Trust Co. v. Groves*, 133 Neb. 177, 274 N. W. 457, viz.:

"A judicial sale under a decree foreclosing a mortgage on realty will not be reversed on appeal for inadequacy of price, where there was no fraud or shocking discrepancy between value and sale price, or prospect of a higher bid in the event of a resale."

Error in the proceedings and judgment of the district court has not been found, and the same are approved, with leave granted to defendants to redeem prior to the issuance of the mandate herein.

AFFIRMED.