FEDERAL FARM MORTGAGE CORPORATION, APPELLEE, v. ELLA MAY POPHAM ET AL., APPELLANTS.

290 N. W. 423

FILED FEBRUARY 9, 1940. No. 30739.

*Hoagland, Carr & Hoagland*, for appellants.

*Schaper & Runyan, Franklin L. Pierce* and *Philip M. Wellman*, contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

SIMMONS, C. J.

This is an appeal from the confirmation of sale pursuant to a decree of foreclosure of a mortgage executed by husband and wife. This action is against the widow and heirs.

The land involved is a well-improved ranch of 3,204 acres. There is a first mortgage upon the premises to the Federal Land Bank of Omaha, upon which it was stipulated that there was due $10,800.74 at the time of the hearing of objections to confirmation on September 29, 1938. Subject to the above mortgage, plaintiff held a mortgage which it foreclosed in this proceeding. A decree for $4,965.61, bearing interest at 5 per cent., was entered September 27, 1937. The items included in the decree are not shown.

The total amount of delinquent taxes are not shown. The evidence shows the Federal Land Bank paid the taxes for 1933 to 1937, inclusive, and we assume that those taxes are included in the amount stipulated to be due the Federal Land Bank.

At the time of the sale on August 8, 1938, there was due on the decree, including costs, $5,264.81. This makes an indebtedness against the property at that time of over $16,000, or an indebtedness of $5 per acre. Plaintiff's bid at the sale was $2,264.81.

At the hearing on objections to confirmation, all evidence was furnished by defendants' witnesses, among whom there were interested and disinterested parties. When asked their opinion of the "fair and reasonable market value," they replied in substance that the land ought to sell for from $7 to $8 per acre. (At $7 per acre this would show a value for the land of $22,428.) However, defendants' witnesses knew of no one who would buy the land sold under the decree for the encumbrances against it, nor of any one who would bid a greater amount than that bid if it were offered for resale, nor of any sales in that community in recent years where land sold for more than $3 per acre. At the close of defendants' testimony, plaintiff's attorney stated: "The plaintiff wishes to waive a deficiency judgment against all defendants. We waive a deficiency of $3,000 in this case." Plaintiff states in its brief: "Plaintiff offered no evidence other than to raise its bid $3,000 over bid previously made at the sheriff's sale and to waive deficiency against all defendants." We accept the plaintiff's interpretation of its act.

This matter is before this court for trial *de novo. Federal Farm Mtg. Corporation v. Bostrom,* 136 Neb. 180, 285 N. W. 490.

We have the following elements to consider in determining whether or not to affirm the confirmation of this sale:

(1) Evidence by the defendants that the land is worth not less than $6,000 more than the sale price plus encumbrances.

(2) No positive evidence as to its value offered by the plaintiff contrary thereto.

Under these circumstances, we are not satisfied that the land "was sold for fair value, under the circumstances and conditions of the sale," nor "that a subsequent sale would not realize a greater amount." Comp. St. Supp. 1937, sec. 20-1531. See *Filley v. Mancuso,* 133 Neb. 538, 276 N. W. 157; *Redfield v. Collopy,* 133 Neb. 546, 276 N. W. 158.

The order confirming the sale is therefore reversed, and the cause remanded for further proceedings.

REVERSED.