FEDERAL LAND BANK OF OMAHA, APPELLEE, v. WILLIAM T. MILLER, APPELLANT: LORETTA MILLER ET AL., APPELLEES.

296 N. W. 748

FILED MARCH 7, 1941. No. 31014.

*Butler, James & McCarl*, for appellant.

*Frank B. Morrison, Franklin L. Pierce* and *Philip M. Wellman,* contra.

Heard before SIMMONS, C. J., PAINE, MESSMORE and YEAGER, JJ., and CHAPPELL, District Judge.

MESSMORE, J.

This is an appeal from a confirmation of sale. The record discloses that the sale was conducted in conformity to law. The plaintiff was the highest bidder at the sale held February 5, 1940, and purchased the real estate for the amount of $6,778.10. Defendants filed objections to confirmation of the sale, oral evidence was taken on the objections, and the sale was confirmed February 28, 1940. From this confirmation, defendant William T. Miller appeals.

The testimony discloses that 440 acres of land in Frontier county, 180 acres tillable, the rest pasture land, were valued by plaintiff's witness, who was competent to testify, in the amount of $4,900. In arriving at the value, he considered 180 acres tillable and included the buildings, consisting of a good frame house, a fairly large barn and other sheds, and a windmill, which he valued at $20 an acre, and the grass land at $5 an acre. On cross-examination he testified that the land would not bring more than $10 an acre the way land was selling at that time. Witnesses for defendant Miller, including himself, placed the value of this land at $25 an acre, or a total amount of $11,000.

The contention is made that the trial court erred in confirming the sale, in that the land was sold for a much lower price than the evidence clearly showed was its true valuation, citing in support of such contention *Filley v. Mancuso,* 133. Neb. 538, 276 N. W. 157, *Redfield v. Collopy,* 133 Neb. 546, 276 N. W. 158, and *Federal Farm Mtg. Corporation v. Popham,* 137 Neb. 529, 290 N. W. 423, wherein this court set aside mortgage foreclosure sales where sale prices were disproportionately low and inadequate. In each of the cases cited, the evidence showed that the land did sell for a price less than its value; there was no positive evidence to the contrary. In the instant case, the evidence is in conflict as

to the value of the land. The trial court found that the price bid for the land was a fair and adequate price under the circumstances.

" 'An order confirming a judicial sale under a decree foreclosing a mortgage on real estate will not be reversed on appeal for inadequacy of price, when there was no fraud or shocking discrepancy between the value and sale price, and where there is no satisfactory evidence that a higher bid could be obtained in the event of another sale.' *Equitable Life Assurance Society v. Buck,* 138 Neb. 203, 292 N. W. 605." *Lincoln Nat. Life Ins. Co. v. Curry,* 138 Neb. 741, 295 N. W. 282.

For the reasons given herein, the judgment of the trial court confirming the sale is

AFFIRMED.