CENTRAL SAVINGS BANK IN THE CITY OF NEW YORK, A
CORPORATION, APPELLEE, AND CROSS-APPELLANT, V. FIRST
CADCO CORPORATION, A CORPORATION, APPELLANT AND
CROSS-APPELLEE.
181 N. W. 2d 261

Filed November 13, 1970. No. 37574.

Herman Ginsburg and Paul L. Douglas, for appellant.

Clarence E. Heaney, Jr., and Kennedy, Holland, De-Lacy & Svoboda, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This action was brought to foreclose a real estate mortgage. The property involved is an apartment building known as the Cadco Apartments located at Twenty-fifth and N Streets in Lincoln, Nebraska. A decree of foreclosure was entered on July 17, 1969. On the same

day the court dismissed the plaintiff's application for the appointment of a receiver.

On August 4, 1969, the defendant requested a stay of the order of sale. An order of sale was issued on October 21, 1969, and the property was sold to the plaintiff on December 2, 1969. The objections of the defendant to confirmation were overruled and the sale was confirmed on December 31, 1969.

On August 11, 1969, the plaintiff had filed an application for an assignment of the rents and possession of the property in accordance with the terms of the mortgage. This application was overruled on December 31, 1969.

The defendant appeals from the judgment confirming the sale. The plaintiff cross-appeals from the order overruling its application for the rents and possession.

The defendant's principal contention is that it was entitled to a 9-months stay of the order of sale. Section 25-1506, R. R. S. 1943, provides that as to certain mortgages executed after September 28, 1959, the stay period shall be 3 months "if the original maturity of indebtedness secured by the mortgage is more than twenty years from and after the date of the filing of the petition to foreclose said mortgage."

The mortgage here was executed on April 1, 1963, and provided for the payment of principal in monthly installments commencing January 1, 1965, with the final payment of interest and principal to be made on December 1, 2003. A modification agreement later extended the time for payment of the first installment of principal to January 1, 1969. The defendant contends that the "original maturity of indebtedness" was the date on which the first installment of principal became due.

The statute refers to the original maturity of indebtedness, not to installments of the indebtedness. The evident purpose of the statute is to grant longer stays to mortgagors with greater equities in the property. We think that the controlling date is the day on which

the final payment was due without acceleration. Under the facts in this case, the defendant was entitled to only a 3-months stay of the order of sale.

The defendant also contends that the sale should not have been confirmed because the property did not sell for its fair value. The defendant produced affidavits from two appraisers who valued the property at $1,-300,000. The plaintiff's evidence placed the value of the property at less than $1,100,000.

The amount due under the decree was $1,167,419.26 with interest and costs, and there were real estate taxes in the amount of $31,537.70 due or delinquent against the property. Approximately 25 persons attended the sale but the plaintiff's bid of $1,100,000 was the only bid received.

An order confirming a judicial sale under a decree foreclosing a mortgage on real estate will not be reversed on appeal for inadequacy of price, when there was no fraud or shocking discrepancy between value and the sale price, and where there is no satisfactory evidence that a higher bid could be obtained in the event of another sale. Federal Land Bank v. Miller, 139 Neb. 161, 296 N. W. 748; Lincoln Nat. Life Ins. Co. v. Curry, 138 Neb. 741, 295 N. W. 282. The record fully sustains the finding of the trial court that the property sold for its fair value under the circumstances and conditions of the sale, and that a subsequent sale would not realize a greater amount.

The mortgage in this case provided that in the event of default the mortgagee should have the right to enter into possession of the property and "collect the rents, issues, and profits thereof." Such a provision is valid and enforceable. Penn Mutual Life Ins. Co. v. Katz, 139 Neb. 501, 297 N. W. 899. In the Penn Mutual Life Ins. Co. case this court said: "When an assignment of the possession and rents is lawfully executed by the mortgagor and, upon default, demand for its observance is timely made but refused, parties plaintiff or

defendant may file application for its adjudication in the foreclosure action still pending and, upon issues joined thereon, the court may retain the same for trial and award that relief to which the parties are entitled."

Where a court of equity has obtained jurisdiction of a case for any purpose, it will retain it for all and will proceed to a final determination of the case, adjudicate all matters in issue, and thus avoid unnecessary litigation. Corn Belt Products Co. v. Mullins, 172 Neb. 561, 110 N. W. 2d 845. The plaintiff is entitled to an accounting for the rents from the property from the date of the decree of foreclosure to the date of the confirmation of sale.

The judgment confirming the sale of the property to the plaintiff is affirmed. The order overruling the plaintiff's application for assignment of the rents and profits is reversed and cause remanded for further proceedings in accordance with this opinion.

AFFIRMED IN PART, AND IN PART REVERSED.