COUNTY OF DAKOTA, NEBRASKA, APPELLEE, V. JOHN H. MALLETT,
PERSONAL REPRESENTATIVE OF THE ESTATE OF HOWARD MALLETT,
DECEASED, APPELLANT, HAROLD G. WRIGHT, CO., ET AL.,
APPELLEES.
453 N.W.2d 594

Filed April 6, 1990.   No. 89-1161.

Norris G. Leamer, of Leamer & Hurley, for appellant.

Kurt A. Hohenstein, Dakota County Attorney, for appellee County.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

This is an appeal from an order confirming a sheriff's sale of part of Lot 9 and all of Lots 10 and 11 of South Soo Acres addition to South Sioux City, Nebraska. The appellant, John H. Mallett, personal representative of the estate of Howard

Mallett, contends the trial court erred in confirming the sale, because the price was inadequate.

The plaintiff, County of Dakota, commenced this action on June 20, 1988, under the provisions of Neb. Rev. Stat. §§ 77-1901 et seq. (Reissue 1986 & Cum. Supp. 1988), to foreclose tax sale certificates on various tracts of real estate. The petition alleged that the county owned and held tax sale certificates for delinquent taxes for the years 1982 and 1983 and that the appellant was an owner of or had an interest in the property. The petition prayed for an accounting, foreclosure of the liens, and sale of the premises. The affidavit of the county attorney stated that taxes for the years 1982 to and including 1987 in the aggregate sum of $6,282.59 plus interest of $2,452.46 were delinquent.

On December 13, 1988, the trial court found that the defendants were in default, and on December 28, 1988, a decree of foreclosure was entered.

The trial court found that general taxes, interest, and costs in an amount of nearly $9,000 were delinquent and were a first lien on the property and that delinquent special assessments in the amount of nearly $8,000 were a second lien on the property, and ordered the property sold to satisfy the liens against it.

After proper notice, a sheriff's sale was held on February 8, 1989; however, no bids for the property were received.

On April 11, 1989, the trial court ordered the property to be resold. After proper notice, the property was resold on May 24, 1989, to Community Redevelopment Agency for $100. On June 19, 1989, the plaintiff filed a motion for confirmation. The appellant filed a motion to set aside the sale and objected to confirmation of the sale.

On July 11, 1989, the trial court found that the sale was regularly conducted in conformity with the law, the property sold for fair value under the circumstances and conditions, and the property would not bring a greater price at a resale, and ordered the sale confirmed. Mallett has appealed from the order confirming the sale.

The appellant contends that the sale price was so inadequate as to shock the conscience of the court and that the property should have been divided and sold in separate tracts in order to

realize a greater price.

The appellant claims that he had moved for an order directing the sheriff to sell the property in separate tracts in order to realize a higher price, but that the motion was never ruled on. There is nothing in the record concerning such a motion. "It is incumbent on the party appealing to present a record which supports the errors assigned . . . ." *GFH Financial Serv. Corp. v. Kirk,* 231 Neb. 557, 561, 437 N.W.2d 453, 456 (1989). See, also, *Howard v. Howard,* 234 Neb. 661, 452 N.W.2d 283 (1990); *Chalupa v. Chalupa,* 220 Neb. 704, 371 N.W.2d 706 (1985).

At the confirmation hearing the sheriff testified that he did not believe that a subsequent sale would achieve any better results than the price obtained at the second sale of the property and that he had no opinion as to whether the property would bring more than $100 if it were divided into three different tracts.

In the decree of foreclosure, the court directed the sheriff to sell the property in one tract. Although the general rule is that "where property which is susceptible of being sold in separate tracts is the subject of a foreclosure sale, it should, if practicable, be sold in parcels, rather than as an entirety," *First Nat. Bank v. Hunt,* 101 Neb. 743, 746, 165 N.W. 139, 140 (1917), it is within the discretion of the trial court to provide in a decree of foreclosure for the sale of property en masse, and such a sale will be sustained absent a showing of prejudice. *First Nat. Bank v. Hunt, supra.*

> Where the record does not show that the judgment debtor took steps to procure the direction of the court that the land be sold in separate tracts, or requested that the officer sell in such manner, he is not entitled as a matter of right to have the sale set aside because the land was sold *en masse.*

(Syllabus of the court.) *Id.*

In this case, there is nothing in the record to show that the appellant requested that the property be sold in parcels until after the sale on May 24, 1989. Furthermore, the appellant failed to show how he was prejudiced by the sale of the property as a unit because there was no evidence that the property would have brought a higher price if it had been offered as separate

tracts.

There is no evidence in this case as to the value of the property or what it could be sold for if a third sale was held. When there is no evidence that others are willing to pay more, " 'a judicial sale will not be set aside on account of mere inadequacy of price, unless such inadequacy is so gross as to make it appear that it was the result of fraud or mistake, or to shock the conscience of the court. . . .' " *County of Nance v. Thomas*, 146 Neb. 640, 645, 20 N.W.2d 925, 928 (1945); *State, ex rel. Sorensen, v. Denton State Bank*, 126 Neb. 486, 253 N.W. 670 (1934). The district court must determine by unrestricted means whether at the sheriff's sale the price bid is adequate or whether at a subsequent sale more would be realized, and this court will not overturn its determination absent an abuse of discretion. *Ehlers v. Campbell*, 147 Neb. 572, 23 N.W.2d 727 (1946).

There is no evidence in this case which would support a finding that the sale price was grossly inadequate. The judgment must, therefore, be affirmed.

AFFIRMED.