THE FIRST NATIONAL BANK OF YORK, YORK, NEBRASKA,
APPELLEE, V. BOYD L. CRITEL AND RITA L. CRITEL,
HUSBAND AND WIFE, APPELLANTS, AND BO-RIT ENTERPRISE,
A TRUST, BOYD L. CRITEL AND RITA L. CRITEL, COTRUSTEES,
ET AL., APPELLEES.

555 N.W.2d 773

Filed November 22, 1996.   No. S-94-698.

Boyd L. Critel and Rita L. Critel, pro se.

Kelly M. Thomas, of Svehla, Barrows & Thomas, for appellee Bank.

WHITE, C.J., CAPORALE, FAHRNBRUCH, WRIGHT, CONNOLLY, and GERRARD, JJ.

WRIGHT, J.

Boyd L. Critel and Rita L. Critel appeal the judgment of the district court which granted a decree of foreclosure of a mortgage given by the Critels to The First National Bank of York, York, Nebraska (First National). The Critels also appeal the confirmation of a court-ordered sale of the real estate held in connection with the foreclosure. The Nebraska Court of Appeals affirmed the judgment of the district court, *First Nat. Bank of York v. Critel*, 95 NCA No. 51, case No. A-94-698 (not designated for permanent publication), and we granted further review.

## SCOPE OF REVIEW

In reviewing a trial court's action in vacating or refusing to vacate a default judgment, an appellate court will uphold and affirm the trial court's action in the absence of an abuse of discretion. *First Fed. Sav. & Loan Assn. v. Wyant*, 238 Neb. 741, 472 N.W.2d 386 (1991).

The confirmation of judicial sales rests largely within the discretion of the trial court. *Sherman v. Schulz*, 220 Neb. 375, 370 N.W.2d 123 (1985); *Kleeb v. Kleeb*, 210 Neb. 637, 316 N.W.2d 583 (1982). Therefore, the trial court's determination will not be disturbed on review except for an abuse of such discretion. *Sherman v. Schulz, supra.*

## FACTS

On September 15, 1993, First National filed a petition in York County District Court, alleging that the Critels had defaulted on two mortgage notes to First National: one with a balance, including interest, of $228.98 and the other with a balance, including interest, of $16,355.35. As security, the Critels had executed two mortgages which covered the same land in York County. Proper summons was had upon the Critels, and they failed to answer or otherwise appear. Despite being given proper notice of the hearing on the motion for default judgment and summary judgment, the Critels failed to appear, and the court entered a default judgment in favor of First National.

The court subsequently entered a decree of foreclosure. Notice was given to the Critels of the amount due under the

judgment, and an order of sale was entered directing the sheriff of York County to sell the real estate. Notice of the sale was published and was also mailed to the Critels. The property was sold as follows:

> [Parcel 1] Lots One (1) and Two (2) in Block One Hundred Eight (108), Original Town, now the City of York to Florence Charlton . . . for $850.00[.]

> [Parcel 2] Irregular Tract Lot No[.] Seventy-eight (78) in Section Six (6), Township Ten (10) North, Range Two (2) West of the 6th P.M., a party [sic] of the City of York to Florence Charlton . . . for $1050.00[.]

> [Parcel 3] Lots One (1), Two (2), Three (3), Four (4), Five (5), Six (6), and Seven (7) in Block One (1), Mead's Addition to the City of York, EXCEPT that part of the Southwest corner of said Lot Seven (7) conveyed to the City of York, Nebraska . . . to Florence Charlton . . . for $2100.00.

At a June 28, 1994, hearing on the Critels' motion to vacate the decree of foreclosure and on First National's motion to confirm the sale, the Critels appeared pro se. The Critels argued that they had relevant evidence regarding the amount paid to First National, denied receiving notice of the default hearing, and denied ever being served or receiving notice that a decree of foreclosure had been entered.

On the Critels' motion to vacate the decree of foreclosure, the court found that they had received notice of all matters in question, that they had received a copy of the decree of foreclosure, and that upon receipt of the decree, they had 10 days to file a motion for new trial or 30 days to file an appeal. The court found that the decree of foreclosure was final, as no appeal from the decree had been filed.

The Critels objected to confirmation of the sale on the basis that the sale of the property, which brought $4,000, did not bring the actual value of the property. They offered into evidence 1993 real estate tax statements which listed the taxable value of the property at $12,879 for parcel 1, $3,440 for parcel 2, and $13,490 for parcel 3. The statements were received without objection. The court confirmed the sale, finding as follows: "[T]he sale has in all respects been made in conformity to law

and . . . the property was sold for fair value under the circumstances and conditions of such sale."

The Court of Appeals affirmed the decision of the district court, finding that the court did not abuse its discretion by refusing to vacate the default judgment. Regarding confirmation of the sale, the Court of Appeals determined that the assessed value of the Critels' land for tax purposes was not relevant to show inadequacy of the sale price and that it is incumbent upon the party challenging the sale to provide some evidence as to the inadequacy of the price or as to a higher bid being obtained on resale. The Court of Appeals found that the district court did not abuse its discretion in confirming the sale. We granted further review.

## ASSIGNMENTS OF ERROR

The Critels assert that the Court of Appeals erred in not vacating the decree of foreclosure and erred in not finding that the sale price was inadequate and, as a result, not setting aside the confirmation of the sale.

## ANALYSIS

### DEFAULT JUDGMENT

In reviewing a trial court's action in vacating or refusing to vacate a default judgment, an appellate court will uphold and affirm the trial court's action in the absence of an abuse of discretion. *First Fed. Sav. & Loan Assn. v. Wyant*, 238 Neb. 741, 472 N.W.2d 386 (1991).

The record reflects that the Critels chose not to answer the petition, did not appear at the default hearing, and did not file a motion to vacate the judgment until 3 days before the sale. Although the Critels claimed they did not receive notice of the default judgment, the clerk of the district court for York County certified that a copy of the order had been sent to the Critels on April 5, 1994, and Rita Critel testified that they had received a letter about 2 weeks after the judgment which stated that there had been a hearing. The district court found that the Critels had in fact received notice of the default judgment, and we find that there was no abuse of discretion in the court's refusal to set aside the default judgment.

### CONFIRMATION OF SALE

Neb. Rev. Stat. § 25-1531 (Reissue 1995) sets forth the requirements for confirmation of a sale:

> If the court, upon the return of any writ of execution, or order of sale for the satisfaction of which any lands and tenements have been sold, shall, after having carefully examined the proceedings of the officer, be satisfied that the sale has in all respects been made in conformity to the provisions of this chapter and that the said property was sold for fair value, under the circumstances and conditions of the sale, or, that a subsequent sale would not realize a greater amount, the court shall direct the clerk to make an entry on the journal that the court is satisfied of the legality of such sale, and an order that the officer make the purchaser a deed of such lands and tenements. . . . If such sale pertains to mortgaged premises being sold under foreclosure proceedings and the amount of such sale is less than the amount of the decree rendered in such proceedings, the court may refuse to confirm such sale, if, in its opinion, such mortgaged premises have a fair and reasonable value equal to or greater than the amount of the decree. The court shall in any case condition the confirmation of such sale upon such terms or under such conditions as may be just and equitable.

The Critels objected to the confirmation because the sale did not bring the actual value of the property. In support of their position, the Critels offered into evidence 1993 real estate tax statements which listed the taxable value of the property, and the tax statements were admitted without objection.

The Court of Appeals affirmed the sale, finding that "in light of the Nebraska Supreme Court's previous holdings, as well as the decisions of the majority of other jurisdictions, the assessed value of the Critels' land for tax purposes is not relevant to show the inadequacy of the sale's price." *First Nat. Bank of York v. Critel*, 95 NCA No. 51 at 36, case No. A-94-698 (not designated for permanent publication). The Court of Appeals stated: "Even assuming, arguendo, that there is an inadequacy of price, this would not be, in and of itself, sufficient to warrant a resale

unless it appeared that such a resale would probably produce a higher price." *Id.*

Neb. Rev. Stat. § 77-201(1) (Cum. Supp. 1994) provides in part: "[A]ll real property in this state, not expressly exempt therefrom, shall be subject to taxation and shall be valued at its actual value." Neb. Rev. Stat. § 77-112(1) (Cum. Supp. 1994) provides in part: "Actual value of real property for purposes of taxation shall mean the market value of real property in the ordinary course of trade." The term "actual value" has been held many times to mean exactly the same as "market value" or "fair market value." *Dowd v. Board of Equal.*, 240 Neb. 437, 482 N.W.2d 583 (1992); *Equitable Life v. Lincoln Cty. Bd. of Equal.*, 229 Neb. 60, 425 N.W.2d 320 (1988).

Although differing factors may cause the appraised value of property to be less than its actual value, some relationship exists between appraised and actual value such that the appraised value can properly be said to constitute relevant evidence of at least the minimum value of the land. See *Louisiana Ry. & Navigation Co. v. Morere*, 116 La. 997, 41 So. 236 (1906). Therefore, we cannot say that, having been admitted without objection, the assessed value of the real property for tax purposes was not relevant to the determination of whether the sale price of the land was fair and reasonable. At the confirmation hearing, no evidence was offered by First National showing that the property was sold for a fair value under the terms and conditions of the sale.

The next issue is whether the Critels were required to show that a resale would produce a higher price. An order confirming a judicial sale under a decree foreclosing a mortgage on real estate will not be reversed on appeal for inadequacy of price, when there was no fraud or shocking discrepancy between the value and the sale price, and where there is no satisfactory evidence that a higher bid could be obtained in the event of another sale. See, *Travelers Indemnity Co. v. Heim*, 218 Neb. 326, 352 N.W.2d 921 (1984); *Nebraska Federal Savings & Loan Assn. v. Patterson*, 212 Neb. 29, 321 N.W.2d 71 (1982); *Central Savings Bank v. First Cadco Corp.*, 186 Neb. 112, 181 N.W.2d 261 (1970). Thus, when there is no evidence that others are willing to pay more, a judicial sale will not be set aside on account of

mere inadequacy of price, unless such inadequacy is so gross as to make it appear that it was the result of fraud or mistake, or to shock the conscience of the court. *County of Dakota v. Mallett*, 235 Neb. 82, 453 N.W.2d 594 (1990); *Home Owners' Loan Corporation v. Smith*, 135 Neb. 618, 283 N.W. 371 (1939); *Conservative Savings & Loan Ass'n v. Mancuso*, 134 Neb. 779, 279 N.W. 725 (1938).

The foreclosure decree shows that there existed a first lien in favor of York County for 1990, 1991, and 1992 taxes, plus accrued interest, in the amount of $2,179.68. The remaining liens of the other parties to the foreclosure were found to be junior and inferior to the liens of York County and First National. At the sale, the purchaser bought the property subject only to the real estate taxes due York County. A comparison of the sale price of $4,000 to the assessed value of $29,809 establishes that the sale price was inadequate. First National offered no evidence to rebut this comparison, nor did First National object to the tax assessment offered as to the value of the real estate.

Although there was no evidence that others were willing to pay more, there is a significant difference between the sale price of $4,000 and the $29,809 shown on the tax assessment. Where the evidence establishes that the sale price was inadequate, it is the duty of the court to deny confirmation of the judicial sale. See, *County of Scotts Bluff v. Bristol*, 159 Neb. 634, 68 N.W.2d 197 (1955); *Ehlers v. Campbell*, 147 Neb. 572, 23 N.W.2d 727 (1946). For this reason, the district court abused its discretion in confirming the sale.

## CONCLUSION

We affirm the portion of the Court of Appeals' decision which affirmed the district court's refusal to vacate the foreclosure decree. We reverse the portion of the Court of Appeals' decision regarding confirmation of the sale, and we remand the cause to the Court of Appeals with directions to instruct the district court to order another sale of the real estate as provided by law.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.

LANPHIER, J., participating on briefs.

WHITE, C.J., concurs.