THE STATE OF NEBRASKA, EX REL. JOHN A. LUCAS, v.
JULIUS THIELE.

1.  **Supersedeas Bond:** CONDITIONS.    When a decree of fore-
closure of mortgage is rendered in the district court and the
amount of the supersedeas bond for appeal to the supreme court
is fixed by the district court, such bond in order to act as a
supersedeas, when filed and approved, must contain the condi-
tions prescribed by law, otherwise it is the duty of the clerk of
the court rendering the decree to issue order of sale on demand
and payment or tender of fees.

2.  ———: MANDAMUS.    In such case, where the clerk refuses to
issue order of sale, a mandamus will issue to compel action.

3.  ———: AMENDMENT.    The filing of a supersedeas bond is a pro-
ceeding within the meaning of section 144 of the civil code, and
may be amended.

ORIGINAL application for mandamus.

*H. L. Brome* and *C. C. McNish,* for relator.

*M. McLaughlin,* for respondent.

REESE, J.

This is an application to this court, in the exercise of its original jurisdiction, for a peremptory writ of mandamus, requiring the defendant, the clerk of the district court of Cuming county, to issue an order of sale upon a decree of foreclosure of a mortgage rendered in that court. The defendant in that action, desiring to remove the cause into the supreme court for review, caused the necessary transcript to be made and filed the same with the clerk of this court, and executed and filed with defendant a bond which was intended to perform the service of a supersedeas under the provisions of section 677 of the civil code. The condition of the bond is as follows:

" Now, therefore, we, Risdin P. Hinkinson, as principal, and J. B. Hankinson, H. N. Warren, and J. W. McLaughlin, as sureties, do hereby undertake to the said John A. Lucas in the sum of five hundred dollars that the said Risdin B. Hinkinson shall abide the judgment and decree, if the same shall be affirmed, and pay the costs." The bond was approved by the respondent.

The relator being dissatisfied with the bond as to form and substance demanded the issuance of an order of sale, notwithstanding the bond, and tendered the legal fees therefor. But respondent refused to issue the order.

Without quoting at length, it may be said that, as applicable to this case, the section of the code above cited provides that no appeal in any case in equity shall operate as a supersedeas unless the appellant shall, within twenty days next after the rendition of the decree, execute to the adverse

party a bond with one or more sureties, conditioned that the appellant "will prosecute such appeal without delay, and will not during such appeal commit or suffer to be committed any waste upon such real estate."

As will be seen by the condition of the bond above given, the clause above quoted from the statute is wholly omitted. The purpose of the legislature evidently was that in case of the foreclosure of liens the value of the real estate should not be diminished after the decree and during the pendency of the appeal by the commission of waste, thereby lessening the security. The bond was insufficient in substance and should not have been approved. It was therefore the duty of respondent to issue the order of sale when requested so to do by the relator. That being his duty a mandamus will issue to compel action. Sec. 645, civil code.

It is insisted that the giving of the bond is a proceeding of the kind referred to in section 144 of the civil code, which may be amended, and therefore relief should be sought within the district court or in this court by motion or otherwise attacking the bond.

There is no doubt but that the bond might be amended so as to conform to the requirements of the law at any time, but the fact still remains that the bond is not in conformity to the law, and it is the duty of the clerk to issue the order unless such bond is filed.

The judgment is that a peremptory writ of mandamus be allowed requiring the respondent to issue the order of sale as requested unless an amended bond, to be approved by respondent, be filed in compliance with law within twenty days. In case it is certified to this court that such amended bond has been filed within the time specified no writ will issue.

JUDGMENT ACCORDINGLY.

The other judges concur.