HENRY H. COLLINS, APPELLEE, v. WILLIAM J. BROWN ET AL., APPELLANTS.

FILED MARCH 19, 1902. No. 11,352.

Foreclosure: ERROR: SUPERSEDEAS: UNDERTAKING: USE AND OCCUPATION. In an error proceeding from a decree of the district court foreclosing a real estate mortgage, an undertaking which does not provide for the payment of "the value of the use and occupation of the property" is not effective as a supersedeas.

APPEAL from the district court for Lancaster county. Heard below before FROST, J. *Affirmed.*

*Burr & Burr,* for appellants.

*Stephen L. Geisthardt, contra.*

SULLIVAN, C. J.

The district court of Lancaster county rendered a decree of foreclosure in an action brought by Henry H. Collins, the appellee herein, against William J. Brown and others. The defendants at once gave notice of their intention to appeal, and obtained an order fixing the amount of the supersedeas bond at $500. In due time an undertaking conditioned as required by section 677 of the Code of Civil

Procedure was given and approved. Afterwards a transcript of the proceedings in the district court, together with a petition in error, was filed in this court, and a summons in error was issued, served and returned. While the cause was pending in this court the decree of foreclosure was executed by a sale of the mortgaged property. When the motion for confirmation came on to be heard, it was resisted by defendants, on the ground that the decree had been superseded. The trial court, however, held that the sale was valid, and entered an order affirming it. This decision was, in our judgment, entirely right. Defendants sought to obtain a review of the proceedings of the district court by prosecuting error to this court. They might have brought the case here by appeal, but they did not do so; and they might have changed the character of the proceeding in this court by dismissing the petition in error, but this they did not do. The remedy first chosen was adhered to. This is the only inference warranted by the record. *Monroe v. Reid*, 46 Nebr., 316; *Chicago, B. & Q. R. Co. v. Cass County*, 51 Nebr., 369. The undertaking given by the defendants contained no provision binding them and their surety to pay "the value of the use and occupation of the property" affected by the decree. It failed therefore to comply with one of the substantial requirements of section 588 of the Code of Civil Procedure, and consequently did not operate as a supersedeas. *State v. Thiele*, 19 Nebr., 220.

The order of confirmation is

AFFIRMED.

NOTE.—The bond or undertaking is not a condition precedent to obtaining a review, but is essential to obtaining a supersedeas. *Creighton v. Keith*, 50 Nebr., 810; *State v. Ramsey*, 50 Nebr., 166. The bond or undertaking does not supersede unless conditioned according to law. *State v. Ramsey, supra; O'Chander v. State*, 46 Nebr., 10. To supersede a confirmation, on appeal, the bond need not be in double the amount of the deficiency judgment. A bond to cover waste is sufficient. *Kountze v. Erck*, 45 Nebr., 288, 293.—REPORTER.