ELIZA LACKEY, APPELLEE, V. HENRY YEKEL ET AL.,
APPELLANTS.

FILED APRIL 16, 1925.    No. 23078.

1. Mortgages: APPOINTMENT OF RECEIVER. Whether or not a re-
ceiver should be appointed is a matter resting in the sound
discretion of the court under the conditions shown at the trial,
and within the statutory limitations.

2. ――――: ――――: NOTICE. When a cause of action for the fore-
closure of a real estate mortgage and the appointment of a
receiver are combined in one petition, and defendant joins issue
therewith, no other notice or application need be had.

3. ――――: ――――: EFFECT OF STAY. The taking of a stay of
sale at the time or after a decree is entered, granting foreclosure
of a mortgage and appointing a receiver, waives all previous.
errors which may have occurred in appointing a receiver, as well
as in granting the foreclosure.

APPEAL from the district court for Scotts Bluff county:
RALPH W. HOBART, JUDGE. *Affirmed.*

*Morrow & Morrow,* for appellants.

*L. L. Raymond, contra.*

Heard before MORRISSEY, C. J., DAY, GOOD, THOMPSON
and EVANS, JJ.

THOMPSON, J.

In this case plaintiff seeks to foreclose, as a mortgage, a
contract for the sale of certain real estate in Scotts Bluff
county. The petition is in apt terms, and contains by actual
incorporation the contract sought to be foreclosed (as in
*Holt County Bank v. Holt County,* 53 Neb. 827), a material
part of which is:

"For any failure to make said payments of instalments
of principal except as herein stated and the interest and
taxes herein provided, the first party may at her option
declare the total amount due under the contract and may
proceed to foreclose in the manner provided by law for the
foreclosure of real estate mortgages, and may in such pro-
ceedings have a receiver appointed by the court to receive

the rents and profits of said premises, the same to be applied under the order of the court."

The answer admits the contract, and all allegations except those which charge default on defendants' part, which latter are denied. Trial had to the court, and a decree entered granting foreclosure, and appointing a receiver. The record shows that defendants then requested in open court the statutory stay of sale, which was granted and made a part of the decree. Defendants except to the finding and judgment of the court, and appeal. ·

The only errors alleged relate to the appointment of the receiver. The above provision for the appointment of a receiver neither adds to, nor detracts from, what the contract would be if such provision were omitted. Such a provision is simply declaratory of that which the law would imply without it. Whether or not a receiver should be appointed is a matter resting in the sound discretion of the court under the conditions shown at the trial, and within the statutory limitations. *Baker v. Varney,* 129 Cal. 564; *Scott v. Hotchkiss,* 115 Cal. 89; *Cameron v. Groveland Improvement Co.,* 20 Wash. 169, 72 Am. St. Rep. 26, and note. Had this contract contained a stipulation for arbitration, such could not oust the court of jurisdiction. *National Masonic Accident Ass'n v. Burr,* 44 Neb. 256.

It will be seen that defendants, as a part of their contract, agreed to pay the taxes on the land. The petition charges that they did not do this, and that they failed to make the payments on the purchase price, as provided in the contract. Plaintiff then elected to declare the entire sum due, foreclose the contract, and apply for a receiver.

It is urged that the petition does not state facts sufficient to warrant the appointment of a receiver. Section 8754, Comp. St. 1922, provides: "A receiver may be appointed * * * in an action for the foreclosure of a mortgage, when the mortgaged property is in danger of being lost, removed or materially injured, or is probably insufficient to discharge the mortgage debt." The parties admit that there is due $3,139.15 in taxes on the land (and the record

shows much of this is delinquent, which of itself materially injures the property, and endangers the security), and that the Scotts Bluff National Bank has an interest in the land by virtue of a $10,000 mortgage. In *Philadelphia Mortgage & Trust Co. v. Oyler*, 61 Neb. 702, we held: "Where mortgaged premises are probably insufficient to satisfy the mortgage debt, and the property is allowed to deteriorate and taxes to accumulate, these are grounds sufficient to justify the appointment of a receiver to take charge of the mortgaged premises, collect the rents and apply them in such manner as to preserve the property for the satisfaction of the debt for which it is pledged." Thus, we conclude that the petition did state a cause of action sufficiently broad to authorize such appointment.

Defendants contend, further, that as plaintiff failed to comply with section 8755, Comp. St. 1922, requiring independent application for the appointment of a receiver, and notice thereof, the appointment is void. In support of this they rely upon *Johnson v. Powers*, 21 Neb. 292. It must be remembered that in that case neither defendant nor his attorney had notice or knowledge of the application for a receiver until several days after one was appointed, and, of course, neither appeared in the proceeding. In the instant case the petition served as the application, and by joining issue therewith defendants waived the statutory requirement for notice. The record shows that the appointment of a receiver was at all times one of the acute issues in the case, and defendants, by not objecting to the irregular application made by the petition, if such were irregular, thereby waived it. Defendants' contention is not in harmony with our holdings in *Robertson v. Ostrom*, 1 Neb. (Unof.) 200, and *Farmers & Merchants Bank v. German Nat. Bank*, 59 Neb. 229.

Furthermore, as hereinbefore mentioned, defendants took the statutory stay of sale at the time of the decree granting the foreclosure and appointing the receiver. In *Ecklund v. Willis*, 42 Neb. 737, plaintiff brought an action to foreclose a mortgage, and in his petition applied for a

receiver. The foreclosure was granted and a receiver appointed, after which defendant availed himself of the stay. On appeal he objected to the appointment of the receiver. We held: "There is another reason why the case should not be reversed. It appears from the transcript that, after making the order of which complaint is made, a decree of foreclosure was rendered in the action against the defendants, and the appellant applied for, and obtained, a stay of the order of sale. This step is a waiver of the right to have reviewed any of the proceedings in the case prior to the taking of such stay." Numerous authorities are then cited. In *Gilbert v. Provident Life & Trust Co.*, 1 Neb. (Unof.) 282, the third syllabus point is as follows: "When defendants in a suit to foreclose a mortgage avail themselves of the statutory stay of judgment, they are estopped from attacking such judgment in any manner." *Ecklund v. Willis, supra,* is cited in that opinion. The rule announced in these cases is controlling in this one.

The judgment of the district court is in all things

AFFIRMED.