OHIO NATIONAL LIFE INSURANCE COMPANY, APPELLEE, V. JOHN A. BAXTER, APPELLANT: EMILY E. BAXTER, APPELLEE.

298 N. W. 530

FILED MAY 29, 1941. No. 31097.

*Mothersead & York,* for appellant.

*Jack E. Lyman, Floyd E. Wright* and *William Morrow, contra.*

Heard before ROSE, EBERLY and YEAGER, JJ., and KROGER and ELLIS, District Judges.

KROGER, District Judge.

This is an appeal from an order confirming sale in a foreclosure action.

From the record it appears that on July 1, 1936, John A. Baxter and Emily E. Baxter, husband and wife, executed notes to the Ohio National Life Insurance Company, a corporation, in the total principal sum of $5,000, and secured the same by a real estate mortgage on lands in Scotts Bluff county. On September 28, 1938, Emily E. Baxter obtained a divorce from John A. Baxter and by the divorce decree John A. Baxter was required to pay alimony to Emily E. Baxter in the sum of $8,386.25, payable in yearly instalments, commencing with December 15, 1938, and ending December 15, 1947, with interest at 6 per cent. from date of decree.

On the 15th day of April, 1939, the Ohio National Life Insurance Company commenced foreclosure of the mortgage hereinbefore referred to, making as defendants John A. Baxter and Emily E. Baxter and John Doe, real name unknown. Summons was issued and served on the defendants, the answer day in said summons being the 15th day of May, 1939. On April 20, 1939, plaintiff filed an amendment to its petition in which it is alleged that defendant John A. Baxter had remarried on April 3, 1939, and his wife, Ethel Marie Baxter, was made a party defendant and summons served on her on the 21st day of April, answer day on this summons being May 22, 1939.

On May 10, 1939, defendant John A. Baxter filed a demurrer to plaintiff's petition, which demurrer was overruled on May 12, and he was granted until June 1, 1939, to answer.

On the 22d day of May, 1939, Emily E. Baxter filed her answer and cross-petition, and in her cross-petition set up her alimony judgment as a lien on the premises being foreclosed upon.

John A. Baxter and Ethel Marie Baxter defaulted and on June 2, 1939, a decree of foreclosure was entered, in which the amount due the Ohio National Life Insurance Company was found to be a first lien, and in which there was found to be due Emily E. Baxter on the judgment set forth in her cross-petition the sum of $8,259.42 with interest at 6 per cent. from that date, which was decreed to be a second lien on the premises in suit.

On June 20, 1939, defendant John A. Baxter filed a request for a stay, and thereafter on April 6, 1940, the property was sold at public auction to Emily E. Baxter for the sum of $14,000. On the day of said sale Emily E. Baxter paid to the sheriff of Scotts Bluff county the sum of $400 and some days later paid to the clerk of the district court for Scotts Bluff county the difference between the $400 and the amount due on the first lien, with interest and costs of the action. On the 16th day of April, 1940, John A. Baxter filed objections to the confirmation of said sale, which objections were, on April 16, 1940, sustained and a new sale ordered, and the clerk was ordered to return to the purchaser the money paid on her bid.

On the 27th day of May, 1940, a second sale was had and the premises in controversy were sold to Emily E. Baxter for the sum of $13,900, on which bid she again paid a sum sufficient to pay the first lien in full, together with costs of the action, and no more. Objections to the confirmation of this sale were again filed and upon hearing had the sale was confirmed. From this order this appeal is prosecuted.

Appellant first argues that Emily E. Baxter was personally liable for the amount due the Ohio National Life Insurance Company and that, when she paid to the clerk of the district court the amount due that company, such payment constituted a satisfaction of the decree and that thereafter the judgment was no longer in force.

This position is not tenable. It is clear from the record that, when Emily E. Baxter attempted to pay the sheriff the balance of her bid, she was informed by the sheriff that he had made return to the order of sale and that the papers

were in the office of the clerk of the district court and directed her to make payment there. So, if it were material, the clerk of the district court, at most, was agent for the sheriff in accepting such payment. We do not, however, consider it material where the payment was made, as it is clear from the record that there was no intention of satisfying the judgment of the Ohio National Life Insurance Company as an obligation of Emily E. Baxter, but the intention was to pay the amount necessary to cover the prior lien and costs under her bid at the foreclosure sale, and when the sale was set aside the entire amount paid by Emily E. Baxter was returned to her. The cases cited by appellant on this proposition have been examined and none of them is in point.

The next contention of appellant is that the decree in favor of the cross-petitioner is void, for the reason that the cross-petition was not filed within the time fixed by law, and that no summons was served upon the codefendants and that consequently the court had no jurisdiction to enter decree on the cross-petition. Appellee meets this contention by calling attention to section 20-849, Comp. St. 1929, which provides that, where plaintiff amends his petition at any time before answer is filed, notice of such amendment shall be served upon defendant or his attorney and the defendant shall have the same time to answer or demur thereto as to the original petition, and argues that by reason of the amendment to plaintiff's petition the answer day was May 22, 1939, and not May 15 as fixed in the original summons.

We deem it unnecessary to pass upon the effect of this provision of the statute, as the record shows that defendant, on June 20, 1939, filed a request for stay of the order of sale, which action on his part was a general appearance in the action, and under the provisions of section 20-1509, Comp. St. 1929, and under the decisions of this court, was a waiver of any prior error in the proceedings. See *Lackey v. Yekel*, 113 Neb. 382, 203 N. W. 542; *Bowman v. Caldwell*, 135 Neb. 554, 283 N. W. 194; *Ecklund v. Willis*, 42 Neb. 737, 60 N. W. 1026.

Another contention of appellant is that the sale should not have been confirmed because the purchaser paid only the amount due on the first lien and costs, which amounted to less than one-half of her bid. Apparently the position here is that Emily E. Baxter could not apply the amount of her alimony judgment because the entire sum was not then due and payable.

The answer to this is that the decree entered June 2, 1939, found that there was then due and payable the sum of $8,259.42, and defendant took no exception to that finding and by his request for stay is deemed to have waived any error that may have been committed when the decree was entered.

The final contention of appellant is that the price at which the property sold did not represent its fair and reasonable value. It may be said that on this question the evidence was conflicting. In addition to evidence of value, the court had before it the fact that at a previous sale the property had been purchased by the same party for substantially the same amount. There was no showing that a greater amount could be realized from another sale. We are satisfied from an examination of the record that the price at which the property was sold was not so inadequate as to require the court to set the sale aside. See *Lincoln Joint Stock Land Bank v. Fuller*, 132 Neb. 677, 273 N. W. 14.

Finding no error in the record, the order appealed from is

AFFIRMED.