FEDERAL FARM MORTGAGE CORPORATION, APPELLEE, V. AN-
TON GANSER ET AL., DEFENDANTS: IMPLEADED WITH WIL-
LIAM A. EHLERS, APPELLANT.

17 N. W. 2d 613

FILED FEBRUARY 9, 1945.  No. 31856.

*William A. Ehlers, pro se.*

*Frederick M. Deutsch, Howard A. Dwyer, Lewis W. Bick-
nell* and *William W. Graham, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

MESSMORE, J.

This is an action to foreclose a real estate mortgage and for the appointment of a receiver pending proceedings.

Plaintiff's petition filed January 15, 1943, for foreclosure of a mortgage, is regular in form. Defendant William A. Ehlers (appellant) claims to be the title holder by sheriff's deed issued subsequent to appellee's mortgage. The petition alleges abandonment of the mortgaged real estate by defendants Ganser, and that defendants Osborn are in possession; that the real estate is insufficient to discharge the mortgage debt, and, in order to conserve the value, prevent waste and deterioration, a receiver should be appointed. The amount of indebtedness is alleged to be $2,782.71, with interest at 5 per cent per annum. Appellee prays for an accounting, that the mortgage lien be declared a paramount lien, that appellant be directed to pay the indebtedness, and, in default of such payment within 20 days from entry of the decree, the real estate be ordered sold and the purchaser put in possession.

Appellant was duly served with summons in the foreclosure proceedings and with notice of the application for appointment of a receiver. He defaulted in both instances. On January 30, 1943, a receiver was appointed. On February 17, 1943, a decree in foreclosure was entered. February 19, 1943, appellant filed a request for stay of execution. December 27, 1943, the mortgaged real estate was sold to appellee for the sum of $2,998.90, the full amount due, with interest and costs. On April 15, 1943, the receiver filed an application for discharge. Application for the appointment of a successor-receiver was filed on the same day, and hearing thereon set for April 24, 1943. Appellant received notice of this hearing, filed no pleadings thereto and made no appearance. On April 24 the successor-receiver was appointed. January 8, 1944, the receiver filed a report showing receipts of $704.82, and disbursements of $30, premiums on bond, said amounts being retained by the receiver.

On the same day appellee filed a motion for leave to reduce its bid, alleging that on November 22, 1943, an order of sale was issued, pursuant to which notice was published fixing December 27, 1943, as the date of sale; that a copy of sheriff's notice of sale was not furnished local counsel of appellee until December 20, 1943; that under date of December 21, 1943, appellee was advised by its local counsel of the date of sale; that, by reason of the holiday season, meeting of the Nebraska State Bar Association and an influenza epidemic, no instructions with respect to bidding upon such sale were furnished local counsel, and on December 27, 1943, and for several days prior and subsequent thereto local counsel was absent from Madison county, and relied on instructions from appellee concerning the bidding. In the absence of such instructions, the secretary of local counsel directed the sheriff to place the bid, as heretofore set out. The motion further alleges that in truth and in fact there had been an assignment of the lease upon the mortgaged premises, and appellee received $31.29, parity payment for 1942, and a receiver had been appointed whose report has now been filed, reflecting a balance of $674.82, exclusive of allowance for attorney's fees and receiver's fees, which the record discloses was $35 and $65, respectively; further that the real estate is not worth the amount of the encumbrance thereon and that such bid was made through inadvertence and mistake, with the intention of merely bidding the ultimate net amount of the loan and decree, and that the amount of the bid should be reduced by the sum of any such credits that would arise from the receivership and parity payments, or, in the alternative, a new sale be ordered.

On January 14, 1944, appellant filed a motion to confirm the sale and for distribution, alleging that he is the legal title holder to the land and has the sole right of redemption, is fully satisfied with the terms of the sale, is entitled to protection of the court of his interest and to an order directing the receiver to pay him the gross amount of all rents and profits collected, without deduction for fees and

expenses, and objects to appellee's motion for leave to reduce its bid, or, in the alternative, a resale be ordered.

We deem it unnecessary to set forth the testimony of the secretary of appellee's local counsel which corroborates the allegations of appellee's motion for leave to reduce its bid, or, in the alternative, a resale be ordered, and that in making the bid it did not occur to the secretary that there would be credits to apply on the mortgage indebtedness, the receiver not having made a report.

January 15, 1944, the court entered an order vacating and setting aside the sale and granting a new sale by sustaining appellee's motion for such purpose, and denying the appellant's motion for confirmation of the sale. The receivership was continued until further order of the court.

A new sale was held February 28, 1944. Appellee bid in the mortgaged real estate as the highest bidder for the amount of $2,117.43. March 1, 1944, appellant filed objections to the confirmation of this sale, alleging that the prior sale was in all respects correct, legal and proper, as decreed by the court February 17, 1943, and appellee's motion does not state a valid and legal ground for setting aside the first sale and ordering a resale. March 18, 1944, the second sale was confirmed, and appellant's objections were overruled. May 24, 1944, appellant gave notice of appeal.

The appellant contends that the court erred in overruling his motion to confirm the sale of December 27, 1943, and order distribution. Appellant did not appeal from the court's order, entered January 15, 1944.

"An appealable interest exists when the judgment or decree so affects a party or privy to the record that he would derive a substantial benefit from its modification or reversal." *Penn Mutual Life Ins. Co. v. Creighton Theatre Bldg. Co.,* 51 Neb. 659, 71 N. W. 279; 2 Ency. of Pleading & Practice, 161.

"Although the act of the court in giving or withholding its confirmation is discretionary, its decision involves the merits of the case and requires such an examination of all the facts as can only be made fairly on full hearing on ap-

peal." 2 Am. Jur., sec. 108, p. 914. Thus, the order of a court confirming or refusing to confirm a sale constitutes a final order.

Section 25-1902, R. S. 1943, provides: "An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a 'final order' which may be vacated, modified or reversed, as provided in this chapter."

Under section 25-1902, *supra,* if a substantial right of the appellant is affected, he may appeal from the final order which divests him of his special right. His contention, that to appeal from the order setting aside the sale of December 27, 1943, and ordering a resale applies only to bidders, is without merit under section 25-1902, R. S. 1943, and paragraph 1 of the syllabus in the case of *Penn Mutual Life Ins. Co. v. Creighton Theatre Bldg. Co., supra.*

Section 25-1912, R. S. 1943, provides, in substance, that, in appealing from a final order of the district court, such appeal is perfected if notice of appeal has been filed with the clerk of the district court within three months from the date the final order was rendered, and the docket fee has been deposited in the office of the clerk of the district court, as provided by law. There was no motion for a new trial filed in the instant case with reference to the final order of the court affecting the first sale. It was not until May 24, 1944, that appellant gave notice of appeal after his objections to the confirmation of the second sale, held February 28, 1944, were overruled.

It is therefore clear that the appellant did not, within the time required by law, appeal from the final order of the court, made January 15, 1944. He is not now in a position to question the proceedings as the same relate to the order of the court affecting the first sale, ordering a new sale and appointing a receiver. However, had the appellant perfected his appeal from the January 15, 1944, order of the court, he would not be in a position to object to the appointing of

the receiver, for the reason, as heretofore set out, his request for statutory stay was filed after the appointment of the receiver.

"The taking of a stay of sale at the time or after a decree is entered, granting foreclosure of a mortgage and appointing a receiver, waives all previous errors which may have occurred in appointing a receiver, as well as in granting the foreclosure." *Lackey v. Yekel,* 113 Neb. 382, 203 N. W. 542. See, also, *Ecklund v. Willis,* 42 Neb. 737, 60 N. W. 1026; *Theisen v. Peterson,* 114 Neb. 150, 206 N. W. 768; *Bowman v. Caldwell,* 135 Neb. 554, 283 N. W. 194; *Ohio Nat. Life Ins. Co. v. Baxter,* 139 Neb. 648, 298 N. W. 530.

There remains for consideration the contention of the appellant that the district court erred in confirming the sale of February 28, 1944, to the appellee upon its reduced bid. The order of confirmation was entered March 18, 1944. This is the only final order from which an appeal has been perfected. The objections to confirmation, filed March 1, 1944, by the appellant, is premised on the denial of confirmation to this appellant of the first sale, and sustaining appellee's motion to set aside the first sale, and granting a resale, in that no legal ground was stated by the appellee for setting aside said sale and ordering a resale; that the first sale should have been confirmed; that the resale of the real estate on the 28th of February, 1944, is based on a void and illegal order of the court and should be vacated and set aside. The motion then recites that the appellee bid the sum of $2,998.90 at the sale held December 27, 1943, and at the second sale bid $2,117.43, or $881.47 less than its former bid, and, as a consequence, "it will be unjust and inquitable" to allow the appellee to reduce or lower its own bid in such manner, and that the effect will be to unjustly deprive the appellant of the sum of $881.47, which properly belongs to him. The order of confirmation overrules the appellant's objection, which is, in substance, heretofore given, and recites that the sale of February 28, 1944, was conducted in all respects according to law, and that the mortgaged real estate sold for its fair and reasonable value un-

der the terms and conditions of the sale; that the real estate would not sell for a greater value upon a resale, and confirmed the sale.

An examination of the appellant's objections to confirmation discloses that he did not premise his objections on the regularity of the proceedings of the second sale. Appellant refers to the proceedings as they relate to the court's order affecting the first sale. He attacks the inadequacy of the amount bid in the second sale, on the premise that it is $881.47 less, and this is based upon the theory that the rents and profits collected by the receiver equitably belong to this appellant as title holder. In other words, he, as title holder, is entitled to the rents and profits derived from the land. He does not raise inadequacy of price, for which the sale was confirmed, being so low as to produce the clear conviction of unconscionableness, and, in fact, does not attack the regularity of the proceedings of the second sale except as heretofore stated, which issues have been adjudicated by the appellant's failure to appeal from the overruling of his motion to confirm the first sale and the sustaining of appellee's motion for resale.

This court has held on many occasions: "Where there is no irregularity or taint in the proceedings, confirmation will not be set aside on appeal unless the bid is so low as to produce a clear conviction of unconscionableness." *Metropolitan Life Ins. Co. v. Suverkrubbe,* 135 Neb. 865, 284 N. W. 342. See, also, *Federal Farm Mtg. Corporation v. Bostrom,* 136 Neb. 180, 285 N. W. 490.

We conclude that the judgment of the district court confirming the sale of February 28, 1944, entered on March 18, 1944, should be and is hereby affirmed. The record discloses that the assets, such as rents and profits remaining in the hands of the receiver have not been distributed, and the receivership has been continued until further order of the court. Therefore, there is no order of the court in the record distributing these assets to either appellant or appellee. We cannot determine in this action the rights of the respective parties to the assets remaining in the hands of the re-

ceiver. There has been no final order on such matter, and until there is and it is properly brought to this court there is nothing to determine with respect to it.

AFFIRMED.