STATE OF NEBRASKA, APPELLEE, V. MICHAEL ALLEN, ALSO KNOWN AS JOSE JONES, APPELLANT.

239 N. W. 2d 272

Filed March 4, 1976. No. 40294.

J. Joseph McQuillan, Gerald E. Moran, Robert C. Sigler, and Paul E. Watts, for appellant.

Paul. L. Douglas, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

This case involves the jurisdiction of the District Court to rule on a motion after an appeal has been taken. On April 30, 1975, Michael Allen entered a plea of guilty to a charge of possession of a controlled substance with the intent to deliver. On June 30, 1975, defendant was sentenced to 1½ to 2 years in the Nebraska Penal and Correctional Complex. On July 29, 1975, defendant filed a notice of appeal and paid his appeal docket fee. He also filed a motion to withdraw his plea of guilty, which, after a hearing, was overruled. Defendant prosecutes this appeal from that order. We affirm.

Defendant had originally pled not guilty. At the time he appeared to withdraw his plea the court was advised that pursuant to a plea bargain, a second charge was to be dropped provided the sentence of the defendant on the current charge was not probation. After defendant was sentenced, the second charge was dropped.

Defendant's motion to withdraw his plea of guilty alleged that he had been deprived of effective assistance of counsel; that the entry of his guilty plea was not knowingly, intelligently, and voluntarily made; and that he should be allowed to withdraw his guilty plea in order to avoid a manifest injustice. He was granted an

evidentiary hearing which was held on September 23, 1975. The trial court found defendant understood the plea bargain; and that it was explained to him by the court. It further found that prior to its acceptance, it was explained to him by his own counsel, and overruled the motion.

On July 29, 1975, the same day, the defendant filed his motion to withdraw his plea of guilty, he filed a notice of appeal, a request for a bill of exceptions, and paid the docket fee. The prime question presented herein is whether the District Court had jurisdiction to entertain or rule upon a motion to withdraw a guilty plea after an appeal had been perfected.

Section 25-1912, R. R. S. 1943, provides in part: "* * * an appeal shall be deemed perfected, and the Supreme Court shall have jurisdiction of the cause when such notice of appeal shall have been filed, and such docket fee deposited in the office of the clerk of the district court, and after being so perfected no appeal shall be dismissed without notice, and no step other than the filing of such notice of appeal and the depositing of such docket fee shall be deemed jurisdictional."

The defendant completed the jurisdictional steps to lodge the appeal in this court, and this court became vested with jurisdiction of the appeal. Any order made by the District Court subsequent to the vesting of jurisdiction in this court is void and of no effect. See Schlueter v. Schlueter (1954), 158 Neb. 233, 62 N. W. 2d 871. The Supreme Court and the District Court should not exercise concurrent jurisdiction over the same case. The District Court lost jurisdiction the instant the appeal was perfected.

While defendant filed his motion and notice of appeal, he neglected to file a motion for a new trial. Alleged errors not brought to the attention of the trial judge in any way in a motion for a new trial are not entitled to be considered or reviewed by this court. State v. Svoboda (1975), 194 Neb. 663, 234 N. W. 2d 901.

On the record the only issue properly before us is the question of the alleged excessiveness of sentence. We have repeatedly held that a sentence imposed within statutory limits will not be disturbed on appeal in the absence of an abuse of discretion. State v. Green (1975), 194 Neb. 770, 235 N. W. 2d 633. The statutory limits herein are from 1 to 5 years in the Nebraska Penal and Correctional Complex or a fine of not more than $2,000 or a term of imprisonment in the county jail of not more than 6 months or both such fine and imprisonment. The sentence imposed of 1½ to 2 years is in the lower range of the authorized sentences.

The present offense involved the delivery of 40,000 amphetamine tablets. Another charge, involving more amphetamine tablets, was dropped. The record would indicate defendant was apprehended early in his drug operation but the amounts involved are large and he said he was able to obtain them on credit. While the defendant was cooperative in other respects, he refused to reveal the source of the tablets. Defendant pled guilty to possession of marijuana in Minnesota and the proceedings there were stayed for a year. The plea bargain herein was made contingent upon the defendant receiving incarceration for his offense. On the record we find no basis whatsoever to hold the trial court abused his discretion.

The judgment is affirmed.

AFFIRMED.