PRODUCTION CREDIT ASSOCIATION OF THE MIDLANDS, SUCCESSOR IN INTEREST TO NORFOLK PRODUCTION CREDIT ASSOCIATION, APPELLEE, V. PHILIP G. SCHMER, APPELLANT, AND DORIS M. SCHMER, APPELLEE.

448 N.W.2d 141

Filed November 17, 1989.    No. 88-995.

Richard E. Mueting, of Mueting & Stoffer, for appellant.

James T. Gleason, of Stalnaker, Becker, Buresh, Gleason & Farnham, P.C., for appellee Production Credit Association.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

Contending the Madison County District Court lacked jurisdiction to issue an order of sale and to confirm the sale of his foreclosed farmland, defendant-appellant, Philip G. Schmer, asks this court to set aside the sale and order that the property be resold. We affirm.

On October 16, 1987, on the petition of Production Credit

Association of the Midlands (PCA), successor in interest to Norfolk Production Credit Association, the trial court entered a decree foreclosing appellant's farm and ordered it to be sold if the amounts found due were not paid within 20 days. Appellant did not appeal the foreclosure. Instead, he requested and was granted a 9-month stay of sale pursuant to Neb. Rev. Stat. § 25-1506 (Reissue 1985). When a defendant requests a stay of sale pursuant to § 25-1506, that request precludes that defendant from appealing from the foreclosure decree. Neb. Rev. Stat. § 25-1509 (Reissue 1985). See, also, *Federal Farm Mtg. Corporation v. Ganser*, 145 Neb. 589, 17 N.W.2d 613 (1945); *Ohio Nat. Life Ins. Co. v. Baxter*, 139 Neb. 648, 298 N.W. 530 (1941); *Carley v. Morgan*, 123 Neb. 498, 243 N.W. 631 (1932).

Questioning only the trial court's decree as to the priority of competing liens, the validity of a mortgage, and the vitality of her guaranty, Doris M. Schmer, a named defendant and appellant's ex-wife, perfected a separate appeal to this court. She filed a bond which her ex-husband claims was a supersedeas bond. Doris Schmer's appeal was decided adversely to her by this court in *Production Credit Assn. of the Midlands v. Schmer, ante* p. 749, 448 N.W.2d 123 (1989).

On September 12, 1988, on the motion of PCA, the clerk of the trial court issued an order of sale on the foreclosed property which Philip Schmer, claiming lack of jurisdiction of the trial court, moved to quash. In his ruling, the trial judge held that "because the defendant Philip Schmer has taken advantage of the stay provision of the statutes, has not superseded, [and] has not appealed . . . there is no basis to sustain the Motion to Quash the order of sale." We reject the trial court's reasoning, but not its denial of the motion to quash. As stated in *Ohio Nat. Life Ins. Co., supra*, a request for a stay is a waiver of any *prior* error in the proceedings. It is clear, however, that the question of subject matter jurisdiction can be raised at any time in the proceedings. *Gomez v. State ex rel. Larez*, 157 Neb. 738, 61 N.W.2d 345 (1953).

On October 19, 1988, appellant's farmland was sold at a sheriff's sale to PCA. At a hearing on PCA's motion to confirm the sale, Philip Schmer objected, again citing the trial court's

lack of jurisdiction. In overruling the appellant's objection, the trial court once more based its ruling on the fact that the appellant had elected to exercise his right to stay the sale for 9 months. On November 4, 1988, an order confirming the sale of the farm to PCA was entered. Appellant questioned the legality of the sale only on jurisdictional grounds. He did not contest either the procedural validity of the sale or the price for which the farmland sold.

On appeal to this court, Philip Schmer assigns three errors, which, when consolidated, claim that the foreclosure decree had been superseded by his ex-wife's filing of a bond in her appeal to this court. Consequently, the appellant reasons, the trial court was divested of jurisdiction to issue an order of sale of his farm and to confirm the sale.

An appeal to the Supreme Court does not operate as a stay of proceedings unless an appellant supersedes the judgment or final order in the manner provided by law. *Hall v. Hall*, 176 Neb. 555, 126 N.W.2d 839 (1964). In the absence of a supersedeas, a judgment or final order retains its vitality and is capable of being executed during the pendency of the appeal. *Marksbury & Washington v. Board of Education*, 199 Neb. 283, 258 N.W.2d 242 (1977).

The pivotal issue here is whether the bond appellant's ex-wife filed did in fact constitute a supersedeas. That bond states that Doris Schmer "will pay all costs adjudged against her in the Supreme Court of the State of Nebraska and shall prosecute her appeal without delay." PCA contends that her bond, although labeled a "Supersedeas Deposit," is ineffective as a supersedeas because it fails to comply with Neb. Rev. Stat. § 25-1916(3) (Reissue 1985). Section 25-1916(3) provides:

(3) *When the judgment, decree, or order directs the sale or delivery of possession of real estate*, the bond or cash deposit shall be in such sum as the court, or judge thereof in vacation, shall prescribe, conditioned that the appellant or appellants will prosecute such appeal without delay and *will not during the pendency of such appeal commit, or suffer to be committed, any waste upon such real estate, and pay all costs, and all rents or damages to such real estate which may accrue during the pendency of such*

*appeal and until the appellee is legally restored thereto.* (Emphasis supplied.)

Where a decree orders the sale of land, the law in Nebraska explicitly requires that a supersedeas be set out as stated in § 25-1916(3). *The Exchange Bank v. Mid-Nebraska Computer Services, Inc.*, 188 Neb. 673, 199 N.W.2d 5 (1972). *State v. Thiele*, 19 Neb. 220, 27 N.W. 109 (1886), also supports this rule. In *Thiele*, there was a failure to include in the bond a condition that "the appellant 'will prosecute such appeal without delay, and will not during such appeal commit or suffer to be committed any waste upon such real estate.' " *Id.* at 222, 27 N.W. at 109. The court held that the bond filed in *Thiele* did not constitute a supersedeas. It reasoned that the purpose of such a condition was to prevent the value of the real estate from being diminished by waste after the foreclosure decree and during the pendency of the appeal. The court observed:

> There is no doubt but that the bond might be amended so as to conform to the requirements of the law at any time, but the fact still remains that the bond is not in conformity to the law, and it is the duty of the clerk to issue the order [of sale] unless such bond is filed.

*Id.* at 222, 27 N.W. at 110.

In *State v. Laflin*, 40 Neb. 441, 444, 58 N.W. 936, 937 (1894), we held: " 'A supersedeas is a statutory remedy. It is only obtained by a strict compliance with all the required conditions, none of which can be dispensed with.' " (Quoting *Sage et al. v. Central R.R. Co. et al.*, 93 U.S. 412, 23 L. Ed. 933 (1876).)

Doris Schmer appealed from a decree foreclosing a mortgage and ordering the sale of real estate. The record before this court fails to reveal that the trial court approved any bond for that appeal. Her bond does not contain a condition that during her appeal Doris Schmer would not commit or suffer to be committed any waste upon the farmland under foreclosure or that she would pay all rents or damages to the real estate which might accrue during the pendency of her appeal. Thus, her bond did not constitute a supersedeas.

At oral argument, appellant contended that Doris Schmer's bond was sufficient to supersede the execution of a conveyance in accordance with § 25-1916(2). A decree that orders the sale

of real estate must comply with § 25-1916(3). *The Exchange Bank v. Mid-Nebraska Computer Services, Inc., supra.* Any bond intended to fall within the provisions of § 25-1916(2) would be ineffective as a supersedeas where the sale of real estate has been ordered.

In *Collins v. Brown*, 64 Neb. 173, 89 N.W. 754 (1902), while a foreclosure action was pending in the Supreme Court, the defendants filed a supersedeas bond of $500 which was approved by the district court. The foreclosure decree was executed by sale of the property. Defendants resisted confirmation of the sale, claiming the decree had been superseded. This court affirmed confirmation of the sale, finding that the supersedeas did not contain a condition that the defendants or their surety would pay " 'the value of the use and occupation of the property' affected by the decree" as required by statute. *Id.* at 174, 89 N.W. at 755. Since the undertaking did not comply with the statute, this court held that the undertaking did not operate as a supersedeas.

In reviewing the bond filed by Doris Schmer, we note that she only pledged to pay all costs adjudged against her in this court and to prosecute her appeal without delay. On its face, this pledge comports with the language of only a cost bond. Neb. Rev. Stat. § 25-1914 (Reissue 1985). In *State v. Laflin, supra*, we held that a bond that omitted a condition required by statute was merely a cost bond.

The bond filed by Doris Schmer fails as a supersedeas under § 25-1916(3) because it omits a condition that during her appeal she would not commit or suffer to be committed any waste upon the farmland under foreclosure. Nor does the bond contain a condition that Doris Schmer would pay all rents or damages to the farmland which might accrue during the pendency of her appeal. Consequently, the trial court had jurisdiction to order the sale of Philip Schmer's farmland and to confirm the sale in PCA, and the judgment is affirmed.

AFFIRMED.