LANGEMEIER, INC., APPELLANT, V. ROBERT PENDGRAFT, APPELLEE.

132 N. W. 2d 880

Filed February 5, 1965. No. 35768.

Olds & Reed, for appellant.

Mueting & Ellwood, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, and BROWER, JJ., and ROBERT L. SMITH and ROBERT L. FLORY, District Judges.

FLORY, ROBERT L., District Judge.

This is an action by plaintiff, Langemeier, Inc., a corporation, against defendant Robert Pendgraft to recover unpaid rent on two gasoline stations in Norfolk, Madison County, Nebraska. Both leases provided for fixed monthly rentals and in addition thereto defendant was to pay for gasoline sold by him, which was purchased from the plaintiff, every week. One of the stations operated 24 hours a day. The defendant admitted owing plaintiff certain sums of rent and gasoline payments but denied that he was in default when the action was commenced due to plaintiff's previous course of conduct in accepting late rental payments, and cross-petitioned against the plaintiff for damages for wrongful eviction by plaintiff. A jury trial was had. After the evidence of both parties was adduced the trial court directed a verdict for plaintiff and against the defendant for the amount admittedly owing by defendant and submitted the defendant's cross-petition against the plaintiff to the jury. The jury returned a verdict for defendant against the plaintiff for damages. Plaintiff moved for judgment notwithstanding the verdict on defendant's cross-petition or in the alternative for a new trial. From the order overruling that motion this appeal was taken by plaintiff.

Evidence adduced by both plaintiff and defendant was undisputed that defendant was chronically late in monthly rental payments; that in late January or early February 1963, Roy Langemeier, president of plaintiff, had

told defendant he would like to have the rent caught up; that during the night of February 27, 1963, defendant left the city of Norfolk taking with him his automobile, a motorcycle, some clothes, a case of oil, some of his tools, and $500 from his business; and that he told no one where he was going but told his wife he would be gone for a week or 10 days. Defendant's wife testified that she expected him back the next day and when he did not return, she contacted the county attorney; and on March 4, 1963, reported him as a missing person to the Nebraska Highway Patrol, subsequently making several inquiries as to its success in locating him. On February 28, 1963, plaintiff learned of the situation and that night took possession of the station without objection, and filed this action on March 1, 1963. No word was had of or contact made with the defendant until March 19, 1963, when a telephone contact was made in the State of Illinois. Defendant was also indebted to Roy Langemeier, president of plaintiff, and his wife in the approximate amount of $2,600 which was secured by a chattel mortgage on equipment. Defendant's wife had taken care of the books of the business but had not worked around the stations. Defendant testified that he intended to return and that he did not worry about the stations too much.

"Where the tenant has actually abandoned the premises, the landlord is entitled to reenter and take charge and possession; and, even where he acts too hastily, *but in good faith and under circumstances justifying a belief that the premises have been abandoned,* he is guilty only of a technical violation of the tenant's contractual rights under the lease. The question of whether a lease has been abandoned so as to confer a right of reentry is one of fact to be determined from the acts and intentions of the parties." (Emphasis supplied.) 52 C. J. S., Landlord and Tenant, § 717, p. 581.

A mere scintilla of evidence is not enough to require the submission of an issue to the jury. In every case

before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the burden of proof is imposed. It is the duty of a trial court to direct a verdict at the close of the evidence where the evidence is undisputed, or where evidence, although conflicting, is so conclusive that it is insufficient to sustain a verdict and judgment. Fairmont Creamery Co. v. Thompson, 139 Neb. 677, 298 N. W. 551. See, also, Swink v. Smith, 173 Neb. 423, 113 N. W. 2d 515, where defendant testified in the form of his own conclusion.

Considering the facts and circumstances of this case we hold that there was an abandonment by the defendant so that the plaintiff was within its rights in making a reentry and taking possession of the stations; and that the trial court should have sustained plaintiff's motion for judgment notwithstanding the verdict on defendant's cross-petition. The judgment is therefore affirmed as to the directing of a verdict for plaintiff against the defendant and reversed in accordance with the above holding, and the cause remanded with directions to the trial court to dismiss defendant's cross-petition.

AFFIRMED IN PART, AND IN PART
REVERSED AND REMANDED.