JAMES M. MATHIESEN, APPELLEE, v. ED BLOOMFIELD ET AL., APPELLANTS, CEDRIC HALL, INTERVENER-APPELLANT.

173 N. W. 2d 29

Filed December 12, 1969. No. 37328.

Smith, Smith & Boyd, for appellants.

Ryan & Scoville, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ.

WHITE, C. J.

The issue presented in this case is whether the plaintiff tenant has abandoned his farm lease and forfeited his right to possession of the premises, even though the intervener had failed to give the requisite 6 months' notice on September 1, 1964, to effectually terminate the plaintiff's year-to-year farm lease. Because of the failure to give the requisite notice on September 1, 1964, the district court entered judgment for the plaintiff in this forcible entry and detainer action. On the factual issue of abandonment raised in the pleadings, the district court by its judgment in effect found that there had been no abandonment and enforced the notice requirement. The case was tried to the court without a jury and as we have many times held when a law action is tried without a jury to the court, the findings of the court have the effect of a verdict of the jury, and the judgment thereon will not be disturbed unless clearly wrong. Scottsbluff National Bank v. Blue J Feeds, Inc., 156 Neb. 65, 54 N. W. 2d 392. We reverse the judgment of the district court and remand the cause with directions to find for all defendants and dismiss plaintiff's complaint at plaintiff's costs.

The background facts are important in the understanding of this case. In 1954 the plaintiff and the intervener-defendant landlord entered into a farm lease

arrangement in the customary leasing arrangement requiring a 6-month notice of termination prior to March 1 of the succeeding year. No subsequent lease was entered into as is customary and the plaintiff-appellant held over during the ensuing years. Sometime in the fall of 1964, subsequent to September 1, 1964, the landlord discovered and asserted that the plaintiff tenant had been converting a portion of his share of the crop, and on January 4, 1965, gave notice attempting to terminate the lease. Shortly thereafter he sued the plaintiff in a separate action for conversion. On January 12, 1965, plaintiff was foreclosed of all of his farm machinery, equipment, and livestock by the Production Credit Association; left the farm home in Dakota County, Nebraska; and took a full time job with a railroad in Lincoln, Nebraska. Further facts concerning the circumstances of his departure and the conduct of the plaintiff will be discussed later in this opinion.

It is conceded by the parties and indeed it is well settled law in Nebraska that on a holdover farm lease from year-to-year that the landlord is required to give 6 months' notice in order to terminate the tenant's lease for the ensuing year. However, the right of a landlord to reenter in the case of the tenant's abandonment of the premises during the 6 months' period of time required by the notice, is also well established in the law. In Langemeier, Inc. v. Pendgraft, 178 Neb. 250, 132 N. W. 2d 880, this court recently stated the rule: "Where the tenant has actually abandoned the premises, the landlord is entitled to reenter and take charge and possession; and, even where he acts too hastily, but in good faith and under circumstances justifying a belief that the premises have been abandoned, he is guilty only of a technical violation of the tenant's contractual rights under the lease." This follows the general rule that where a tenant has actually abandoned the premises, the landlord may reenter and take possession. See 52A C. J. S., Landlord and Tenant, § 717, p. 32. And the

question of whether a lease has been abandoned so as to confer a right of reentry on the landlord is one of fact to be determined from the facts and circumstances of the case and the intentions of the parties. Langemeier, Inc. v. Pendgraft, *supra;* 52A C. J. S., Landlord and Tenant, § 717, p. 32.

Bearing in mind these rules of law we summarize the calendar of facts and events which lead us to the conclusion that upon the undisputed facts, the plaintiff-tenant had abandoned the premises entitling the intervener-owner landlord and his subsequent tenant to reenter and take possession of the premises. The record reveals these undisputed facts: (1) In early December 1964, some 3 months after the expiration of the time for the required notice, the intervener-landlord discovered that his tenant had converted a portion of his crop share under the leasing arrangement for the preceding year. He advised the plaintiff of this contention and notified him that he could not have possession of the farm for the coming year. (2) The Production Credit Association had a mortgage on the plaintiff's farm machinery, equipment, and livestock and initiated foreclosure. (3) On January 4, 1965, the intervener-landlord mailed to the plaintiff a notice that his tenancy under the lease had been terminated because of the conversion by the plaintiff of part of the farm crop. (4) On January 7, 1965, the intervener-landlord initiated a suit for the conversion of his crop share, which resulted in a substantial judgment in favor of the landlord. (5) As a result of the foreclosure action by the Production Credit Association, the plaintiff tenant entered into an agreement and compromise by which all of his farm machinery, equipment, and livestock were publicly sold on January 12, 1965. (6) On or about this date the plaintiff erected a 2 x 4 across the front door of the tenant house he was occupying and left for admitted full-time employment in the City of Lincoln, Nebraska, about 120 miles distant; the evidence also reveals, that in ad-

dition to his full-time employment in the City of Lincoln, the plaintiff also did odd jobs in Lincoln and himself claimed his residence in Lincoln, Nebraska; and at no time were any of these facts or intentions communicated to the landlord-intervener. (7) The plaintiff tenant never contacted nor talked to the landlord after his last conversation with him in December 1964. (8) On January 29, 1965, the owner entered into a lease for the year starting March 1, 1965, with the defendants Bloomfields. (9) On March 25, 1965, the intervener-landlord removed the small amount of furniture and equipment still in the tenant house. Plaintiff had still made no appearance on the premises. (10) Sometime in the spring of 1965 the plaintiff did contact the new tenant and offered to sell him a hot water heater in the house and some window drapes. The new tenant purchased the hot water heater from the plaintiff but did not buy the drapes.

We do not feel that any particular circumstances recited herein would alone establish abandonment or would be conclusive as a matter of law. However, taken together, this court is of the opinion that they conclusively establish an intention on the part of the plaintiff tenant to abandon the lease and the premises. Particularly significant is the removal of the plaintiff's residence to Lincoln, Nebraska, and engaging in full-time employment and activity which would make it impossible for him to farm the premises. It is conceivable, of course, that the plaintiff could farm the premises (in light of modern farming methods) by the rental of equipment and hired help. But no such contention was made by the plaintiff and the record is devoid of any evidence to even remotely establish such facts. The loss of all of his farm equipment, machinery, and livestock tied together in time sequence with his immediate removal to Lincoln, Nebraska, and a full-time job, is more indicative as to his intentions than his now retrospectively declared intentions. The other acts and circumstances,

harmonizing in point and time sequence, including the sale of the hot water heater and the offer to sell the drapes in the tenant house, support this conclusion.

We come to the conclusion that the plaintiff had abandoned the premises prior to the reentry date of March 1, 1965, and that the landlord had entered in good faith and made a lease with a new tenant. Consequently under the principles of law announced herein, the plaintiff must fail in his action for forcible entry and detainer to regain possession of the premises. The judgment of the district court is reversed and the cause remanded with directions to find for all of the defendants and dismiss plaintiff's complaint at the plaintiff's costs.

REVERSED AND REMANDED WITH DIRECTIONS.