RICK W. MIDDAGH ET AL., APPELLANTS, V. STANAL SOUND LTD., A NEBRASKA CORPORATION, AND STAN MILLER, APPELLEES.

452 N.W.2d 260

Filed March 2, 1990.   No. 87-695.

William G. Dittrick and Barbara E. Person, of Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, for appellants.

No appearance for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

This is an appeal in a declaratory judgment action from a $38,184.13 judgment in favor of plaintiffs-appellants, Rick W. Middagh and Donnise M. Middagh, husband and wife, as lessors of a warehouse and against defendants-appellees, Stanal Sound Ltd., a Nebraska corporation, and Stan Miller as lessees. The district court found that Stanal Sound and Miller defaulted under the lease between the parties and were liable for

rent payments pursuant to the lease from the period of November 15, 1984, to June 18, 1986, the date a decree of foreclosure was entered on the subject property. The district court also granted the Middaghs an amount for real estate taxes through June 1986.

The lease at bar was effective December 15, 1979, and was to continue for a term of 10 years. The terms of the lease and the initial default of Stanal Sound and Miller were adjudicated in *Middagh v. Stanal Sound Ltd.*, 222 Neb. 54, 382 N.W.2d 303 (1986) (*Middagh I*). In *Middagh I*, this court determined that Stanal Sound and Miller defaulted as of November 15, 1982, and that Miller, as well as Stanal Sound, of which he was part owner, was liable for past due lease payments including rent, insurance, real estate taxes, and certain maintenance and for a 1-year acceleration of these lease payments pursuant to an addendum to the lease. That case determined the rights of the parties through November 15, 1984.

On April 3, 1986, the Middaghs brought this action for lease payments accruing November 15, 1984, and thereafter, plus a 1-year acceleration of lease payments pursuant to the addendum. In addition to rent, the Middaghs also requested reimbursement for unpaid taxes, insurance, and other maintenance under the lease. Stanal Sound and Miller answered, affirmatively alleging that the Middaghs breached their duty to mitigate damages. The Middaghs amended their petition in this action on January 5, 1987, updating the amount of arrearage.

On June 18, 1986, the district court for Buffalo County entered a decree of foreclosure on the subject property. The foreclosure was instituted by the lender which ultimately funded the initial lease agreement between the Middaghs and Stanal Sound and Miller. On July 7, 1986, the Middaghs requested a stay of the foreclosure for $4\frac{1}{2}$ months, but the record does not reflect any further action in the foreclosure. In particular, there is no record of confirmation of the sale of the subject property in the foreclosure proceedings.

The hearing in this case was held March 2, 1987. The trial court determined that Stanal Sound and Miller defaulted on lease payments accruing as of November 15, 1984. With

reference to appellees' allegation that the Middaghs failed to mitigate damages, the trial court found that the Middaghs took sufficient steps to mitigate damages. Nonetheless, the trial court concluded that the decree of foreclosure, referred to above, entered June 18, 1986, left the Middaghs with "no right to recover rental from a nonpossessory tenant from and after the date of foreclosure."

All parties moved for a new trial, and their respective motions were overruled. The Middaghs timely appealed. During the pendency of this appeal, we were advised that Stanal Sound had gone into some form of bankruptcy. In October 1989, we were advised the automatic stay of proceedings involving Stanal Sound had been lifted. The Middaghs and Stanal Sound were advised of the lifting of the stay. We have not been further advised, so this opinion is concerned only with the adjudication of rights between the Middaghs and appellee Miller. On appeal, Middaghs contend that the trial court erred (1) "in basing its decision on issues that were not tried to the court" because Miller did not raise the matter of the foreclosure as a new matter in a pleading and (2) "in basing its decision on facts not of record" because there was no record of a confirmation of sale affecting the Middaghs' right to possession of the subject property. The Middaghs also assign as error the trial court's action in holding that the Middaghs are not entitled to lease payments accruing after the date the foreclosure decree was entered. We agree with the general proposition of the third assignment of error and, for the reasons set out below, affirm the case as to the determination that Miller is liable to the Middaghs under the lease agreement. As to the trial court's finding as to mitigation of damages, we remand the cause for a recalculation of damages only.

We held in *Middagh I* that Stanal Sound and Miller were liable for the accrued lease payments and for a 1-year acceleration of the lease payments. No issue is raised on appeal concerning the Middaghs' right to an additional 1-year acceleration under the addendum, which states: "Exercise of this option by the Lessor shall not constitute a waiver of any other right set out in the Lease or of the right of the Lessor to exercise the same right during each succeeding period of twelve

(12) months."

The addendum also states that a default by Miller triggers the remedies stated in paragraph 14 of the lease in addition to the acceleration clause. Paragraph 14 states that upon default,

> LESSOR may immediately, or at any time thereafter, re-enter the premises, repossess the same . . . and dispossess the LESSEE . . . .
>
> If LESSOR shall elect to declare forfeiture under this Article, it shall be entitled to receive from LESSEE the difference in rental, if any, between the rent reserved hereunder for the unexpired portion of the term and any lesser amount which LESSOR, in the exercise of reasonable diligence, is able to procure for the unexpired term of this Lease . . . .

Upon Miller's default, the Middaghs wrote Miller on November 24, 1982, notifying him of the default, and demanding that Miller "quit the premises" if the default was not timely cured. Consequently, Miller's failure to cure the default terminated his right to possess the subject property, and the Middaghs were discharged from their covenant to protect Miller's quiet enjoyment of this property.

It is also apparent that Miller abandoned the property. As we stated in *Mason v. Schumacher*, 231 Neb. 929, 940, 439 N.W.2d 61, 68 (1989), "Abandonment of leased premises occurs when a tenant, with the intention to terminate contractual rights to exclusive possession and control over the leased premises, voluntarily relinquishes or vacates the leased premises." In asserting that the Middaghs breached the terms of the lease, Stanal Sound, by a letter authorized by Miller and dated November 8, 1982, stated an intent to vacate the premises by December 1, 1982, and did so vacate. In *Middagh I*, we held that the breach of the Middaghs on which appellees relied did not discharge appellees' liability for the lease payments. Appellees had the option of suing for damages, but instead voluntarily chose to permanently vacate the subject property. This abandonment of the premises gave the Middaghs the right to reenter the premises and terminated appellees' right to possession. See *Langemeier, Inc. v. Pendgraft*, 178 Neb. 250, 132 N.W.2d 880 (1965).

In *S.N. Mart, Ltd. v. Maurices Inc., ante* p. 343, 451 N.W.2d 259 (1990), we stated that if a tenant abandons a leasehold before the expiration of the lease, "the tenant has the burden to show that the landlord 'unreasonably failed to relet the premises and mitigate damages.' " *S.N. Mart, supra* at 346, 451 N.W.2d at 262 (quoting *Bernstein v. Seglin,* 184 Neb. 673, 171 N.W.2d 247 (1969)). Consequently, both under the lease and under the law of abandonment, the issue is whether the Middaghs exercised reasonable diligence in finding another tenant for the subject property to mitigate their damages. The trial court found that the Middaghs acted reasonably to mitigate their damages as far as their effort to sell or lease the property. We affirm that finding. Because Miller failed to submit evidence that the Middaghs lost possession of the subject property as a result of a confirmed foreclosure sale, we need not consider the effect of such an occurrence on the Middaghs' satisfaction of their duty to mitigate their damages or upon their right to accelerate the payments due. We hold that the trial court erred in holding that the decree of foreclosure by itself negated the Middaghs' right to collect lease payments from Miller.

We remand this action to the trial court to recalculate, in accord with this opinion, the payments due from Miller to the Middaghs for the period from November 15, 1984, to November 15, 1987, as prayed for by the Middaghs.

AFFIRMED IN PART, AND IN PART REVERSED AND
REMANDED ON THE ISSUE OF DAMAGES.

CAPORALE, J., not participating.