ENTERPRISE BANK, NA, APPELLEE, V.
PHYLLIS M. KNIGHT, APPELLANT.
___ N.W.2d ___

Filed April 9, 2013.    No. A-11-972.

1.  **Judgments: Appeal and Error.** In a bench trial of a law action, a trial court's factual findings have the effect of a verdict and will not be set aside unless clearly erroneous.
2.  ____: ____. On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below.
3.  **Forcible Entry and Detainer: Title: Courts: Jurisdiction.** If the resolution of a forcible entry and detainer action requires a district court to determine a title dispute, it must dismiss the case for lack of jurisdiction.
4.  **Forcible Entry and Detainer: Title: Courts.** A court may proceed with a forcible entry and detainer action until the evidence discloses that the question involved is one of title.
5.  **Appeal and Error.** In the absence of plain error, when an issue is raised for the first time in an appellate court, the issue will be disregarded inasmuch as the trial court cannot commit error regarding an issue never presented and submitted for disposition in the trial court.
6.  **Judgments: Appeal and Error.** If a judgment is not superseded, it is effective notwithstanding appeal.
7.  **Judgments: Supersedeas Bonds: Appeal and Error.** In the absence of a supersedeas bond, the judgment retains its vitality and is capable of being executed upon during the pendency of the appeal.

Appeal from the District Court for Douglas County: DUANE C. DOUGHERTY, Judge. Affirmed.

Timothy L. Ashford for appellant.

Bryan S. Hatch, of Stinson, Morrison & Hecker, L.L.P., for appellee.

IRWIN, PIRTLE, and RIEDMANN, Judges.

PIRTLE, Judge.

## INTRODUCTION

Enterprise Bank, NA, filed a forcible entry and detainer action against Phyllis M. Knight in the district court for Douglas County. The district court entered judgment in favor of Enterprise Bank, finding that Knight was unlawfully in

possession of the subject property, and ordered her to surrender the premises to Enterprise Bank. Knight appeals. We conclude that there is no merit to Knight's assignments of error and affirm the judgment of the district court.

## BACKGROUND

On July 24, 2007, Knight executed a promissory note in favor of Enterprise Bank for $50,000. As security for the promissory note, Knight executed a deed of trust in favor of Enterprise Bank for Knight's residence located in Omaha, Nebraska. Knight defaulted on the note, and Enterprise Bank foreclosed upon the real property. A trustee's sale was held on September 7, 2011, wherein Enterprise Bank was the successful bidder. On October 13, a "Trustee's Deed Upon Sale" was filed and recorded with the Douglas County register of deeds. On October 14, Knight was notified that the subject property was sold on September 7 and was served with a 3-day notice to leave the real property and surrender possession of it. Knight refused to vacate the premises, and as a result, Enterprise Bank filed a complaint for restitution of premises on October 21. Knight failed to file an answer or any other responsive pleading on her behalf.

A hearing on Enterprise Bank's complaint for restitution of premises was held on November 7, 2011. Enterprise Bank presented evidence showing that it owned the property. Knight, who appeared at the hearing pro se, did not offer any evidence. Following the hearing, the trial court entered an order finding that Knight was unlawfully in possession of the property and ordered Knight to surrender the premises to Enterprise Bank within 5 days. If possession was not surrendered, the clerk of the district court was authorized to issue a writ of restitution.

Knight timely filed an appeal. Enterprise Bank subsequently filed a motion to set bond under Neb. Rev. Stat. § 25-21,235 (Reissue 2008). A hearing was held on the motion on December 2, 2011, at which time Enterprise Bank moved to withdraw the motion to set bond. The trial court allowed Enterprise Bank to withdraw its motion.

On December 2, 2011, Enterprise Bank filed a praecipe for writ of restitution, and on December 5, the court issued a writ of restitution and the Douglas County sheriff's office issued a notice to vacate the premises to Knight. On December 9, Knight filed a motion to quash the writ of restitution. Knight also filed a motion to stay proceedings in the district court pending her appeal to the Nebraska Court of Appeals. On December 23, the trial court entered an order stating that it lacked jurisdiction to rule on Knight's motions because Knight had filed the notice of appeal on November 10.

On January 3, 2012, Enterprise Bank filed another praecipe for writ of restitution, and on January 4, the court issued a writ of restitution. Knight was physically evicted from the subject property on January 13. On that same date, Knight filed a "second motion to quash writ of restitution and motion for order nunc pro tunc for supersedeas bond." On January 24, Knight filed a "motion to vacate judgment for writ of restitution." On January 26, following a hearing, the trial court entered an order stating that it did not have jurisdiction to rule on Knight's motions, because the matter had been appealed.

## ASSIGNMENTS OF ERROR

Knight sets forth 30 assignments of error, but argues only 6 in her brief. Knight assigns and argues that (1) the trial court lacked jurisdiction to resolve this action as a forcible entry and detainer, because there was a title dispute between the parties; (2) the trustee's sale was not valid because she had filed for bankruptcy the day before the sale; (3) the sale of the home was never confirmed in accordance with Neb. Rev. Stat. § 25-1531 (Reissue 2008); (4) Enterprise Bank cannot enforce its writ of restitution against her during this appeal because it waived its right to a supersedeas bond; (5) the trial court erred in finding that it did not have jurisdiction to rule on her "second motion to quash the writ of restitution and motion for order nunc pro tunc for supersedeas bond" during the pendency of this appeal; and (6) the trial court had authority to correct its error in failing to set a bond after Knight filed her notice of appeal.

## STANDARD OF REVIEW

[1] In a bench trial of a law action, a trial court's factual findings have the effect of a verdict and will not be set aside unless clearly erroneous. *I.P. Homeowners v. Morrow*, 12 Neb. App. 119, 668 N.W.2d 515 (2003). See *Barnes v. Davitt*, 160 Neb. 595, 71 N.W.2d 107 (1955) (clearly erroneous standard applied in review of forcible entry and detainer actions). Accord *Mathiesen v. Bloomfield*, 184 Neb. 873, 173 N.W.2d 29 (1969).

[2] On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *I.P. Homeowners v. Morrow, supra*.

## ANALYSIS

*District Court's Jurisdiction.*

[3] Knight first assigns that the trial court lacked jurisdiction to resolve this action as a forcible entry and detainer because there was a title dispute between the parties. Knight relies on the rule that if the resolution of a forcible entry and detainer action requires a district court to determine a title dispute, it must dismiss the case for lack of jurisdiction. See *Cummins Mgmt. v. Gilroy*, 266 Neb. 635, 667 N.W.2d 538 (2003).

Based on the record before us, there was no title dispute before the court. The evidence presented at the hearing on the complaint for restitution of premises clearly showed that Enterprise Bank owned the subject property. Enterprise Bank purchased the property at the trustee's sale, and following the trustee's sale, Enterprise Bank filed and recorded a "Trustee's Deed Upon Sale" with the Douglas County register of deeds. Knight was subsequently given notice of the sale. There is nothing in the record to show that Knight challenged the trustee's sale. Knight alleges in her brief that she filed an action for wrongful title and that title will be a disputed issue in that case, but the record in the present case does not reflect a title dispute.

Although Knight argued at the hearing on the complaint for restitution of premises that the trustee's sale was invalid, the evidence before the court clearly showed that Enterprise

Bank had legal title to the subject property. Therefore, the only determination for the court was whether Knight was in unlawful possession of the property, which the court determined she was.

[4] A court may proceed with a forcible entry and detainer action until the evidence discloses that the question involved is one of title. *Cummins Mgmt. v. Gilroy, supra*. Given that the evidence did not disclose a title dispute, the district court had jurisdiction over the forcible entry and detainer action and properly entered its order on November 7, 2011.

*Knight's Bankruptcy.*

Knight next argues that the trustee's sale of the property was not valid because she had filed for bankruptcy the day before the sale. She contends that the trustee's sale should have been stayed due to her bankruptcy filing. Again, as previously noted, Knight did not challenge the trustee's sale at the time it took place.

Knight asserted at the hearing that she had filed for bankruptcy, but there is nothing in the record to show that she had in fact done so. Neb. Ct. R. § 6-1506 requires a party who has filed bankruptcy and has a civil case before the district court to file documentation with the court verifying such bankruptcy. Specifically, § 6-1506(A) provides in part:

> In any civil case pending before [a district] court in which a party has been named as a debtor in a voluntary or involuntary bankruptcy petition, a Suggestion of Bankruptcy and either (1) a certified copy of the bankruptcy petition, (2) a copy of the bankruptcy petition bearing the filing stamp of the clerk of the bankruptcy court, or (3) a copy of a "Notice of Bankruptcy Case Filing" generated by the Bankruptcy Court's electronic filing system shall be filed by the party named as a debtor or by any other party with knowledge of the bankruptcy petition.

Section 6-1506 further provides that it is only after the necessary filings have been made with the district court that no further action will be taken in the case by the court.

In the instant case, no suggestion of bankruptcy, copy of the bankruptcy petition, or notice of bankruptcy case filing was

submitted to the district court. Based on the record, the trial court did not know whether Knight had filed for bankruptcy as she contended, and it was not the court's responsibility to seek out such information. Without any documentation of the bankruptcy filed with the court, the court had no obligation to rely on Knight's statements. Thus, there is no merit to this assignment of error.

*Confirmation of Sale.*

[5] Knight next argues that the sale of the subject property was required to be confirmed by the district court in accordance with § 25-1531, and was not. Knight asserts this claim for the first time on appeal; she did not raise this argument before the district court. In the absence of plain error, when an issue is raised for the first time in an appellate court, the issue will be disregarded inasmuch as the trial court cannot commit error regarding an issue never presented and submitted for disposition in the trial court. *State v. Albrecht*, 18 Neb. App. 402, 790 N.W.2d 1 (2010). Having performed an extensive review of the record and finding no plain error, we need not address this assignment of error further.

*Supersedeas Bond.*

Knight's last three assignments of error are all related and will be addressed together. Knight assigns that Enterprise Bank could not enforce its writ of restitution against her while her appeal was pending because it waived its right to a supersedeas bond, that the district court erred in finding it did not have jurisdiction to rule on her "second motion to quash writ of restitution and motion for order nunc pro tunc for supersedeas bond" during the appeal, and that the district court had authority to correct its error in failing to set a bond. Although Knight set forth three separate assignments of error in her brief, she makes the same argument under all three assignments. She argues that after Enterprise Bank withdrew its motion to set bond, the court should have set bond on its own and had the power to do so even though an appeal had been filed.

[6,7] If a judgment is not superseded, it is effective notwithstanding appeal. See *Lincoln Lumber Co. v. Elston*, 1 Neb. App. 741, 511 N.W.2d 162 (1993). Similarly, in the absence of a supersedeas bond, the judgment retains its vitality and is capable of being executed upon during the pendency of the appeal. See *Production Credit Assn. of the Midlands v. Schmer*, 233 Neb. 785, 448 N.W.2d 141 (1989).

Knight contends that the court should have ordered a supersedeas bond in the interest of justice to prevent the writ of restitution from being issued, thereby allowing Knight to remain in her home while the appeal was pending. She contends that the district court had this authority, notwithstanding the pending appeal, pursuant to Neb. Rev. Stat. § 25-2001 (Reissue 2008), which gives the court the inherent power to correct a mistake arising from oversight or omission. Specifically, § 25-2001(3) provides:

> Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court by an order nunc pro tunc at any time on the court's initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the case is submitted for decision in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

We cannot conclude that the court's failure to set a supersedeas bond was a "clerical mistake" or that the court had any duty to set a bond. Rather, it was Knight who should have posted a supersedeas bond to prevent the writ of restitution from being issued pending appeal. Neb. Rev. Stat. § 25-21,234 (Reissue 2008) provides that no appeal shall operate as a supersedeas unless the appellant, within 30 days after the entry of judgment, deposits with the clerk of the court a cash bond that will satisfy the final judgment and costs and will pay a reasonable rent for the premises during the time unlawfully withheld. Knight, the appellant, failed to post a supersedeas bond, and therefore, Enterprise Bank was free to execute upon its

judgment. Knight's last three assignments of error are without merit.

## CONCLUSION

Having found no merit to any of Knight's assignments of error, we affirm the judgment of the district court.

AFFIRMED.

———————

Meredith Muzzey and Robert Buhr, appellees,
v. Bobbie Ragone, formerly known as Bobbie
Buhr, and Paul Ragone, on behalf of Lucca
Hadin Ragone, formerly known as Lucca
Hadin Buhr, a minor child under the
age of 18 years, appellants.

___ N.W.2d ___

Filed April 9, 2013.    No. A-12-192.

1. **Judgments: Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.

2. **Visitation: Appeal and Error.** Determinations concerning grandparent visitation are initially entrusted to the discretion of the trial judge, whose determinations, on appeal, will be reviewed de novo on the record and affirmed in the absence of an abuse of the trial judge's discretion.

3. **Judges: Words and Phrases.** A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from action, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system.

4. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to settle jurisdictional issues.

5. **Parties: Standing: Jurisdiction.** A party must have standing before a court can exercise jurisdiction, and either a party or the court can raise a question of standing at any time during the proceeding.

6. **Standing: Jurisdiction.** Standing relates to a court's power, that is, jurisdiction, to address issues presented and serves to identify those disputes which are appropriately resolved through the judicial process.

7. **Standing.** Under the doctrine of standing, a court may decline to determine merits of a legal claim because the party advancing it is not properly situated